15 So.2d 112

**MACKRETH v. WILSON, Warden.**

**3 Div. 855.**

Court of Appeals of Alabama.

May 11, 1943.

Rehearing Denied May 25, 1943.

Walter S. Smith, of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John W. Vardaman and Noble J. Russell, Asst. Attys. Gen., for appellee.

BRICKEN, Presiding Judge.

Gerald Churchill Mackreth, alias J. Sims, alias Gerald Charles McDonald, was duly indicted, tried and convicted at the Fall Term, 1938, in the circuit court of Clark County, Alabama, of obtaining property by false pretense, an offense denounced by Section 4131, Alabama Code 1928, Code 1940, Tit. 14, § 209. He was sentenced to imprisonment in the penitentiary for a term of seven and one-half years minimum, and eight years as a maximum, and committed to Kilby prison.

On the 27th day of November, 1942, the prisoner filed a petition for a writ of habeas corpus in the circuit court of Montgomery County, Alabama, addressed to the Hon. Walter B. Jones, who issued the writ, commanding Earl Wilson, the Warden of Kilby Prison, to have the body of the prisoner, together with the cause of his detention, before him on the 11th day of December, 1942.

The Warden appeared and made his return, in which he set out that the prisoner was indicted by the grand jury of the circuit court of Clark County, Alabama, on October 1, 1938, of the aforesaid offense. A copy of the indictment was made an exhibit to the return. The indictment appears to be in all respects regular and sufficient. The Warden further set out in his return that on the 27th day of October, 1939, the prisoner appeared in the Circuit court of Clark County, Alabama, unattended by counsel and was then and there duly arraigned and entered a plea of not guilty, and on the same day was regularly tried before a jury in the circuit court of Clark County, Alabama. Upon hearing the cause, the jury returned a verdict of guilty. The court on the same day fixed the prisoner's punishment as aforesaid. The return contains the judgment and sentence of the court, which appears to be regular in all respects.

After the prisoner was convicted and sentenced as aforesaid, he prosecuted an appeal to this court, where he was ably represented by one of the leading firms of attorneys in Mobile, Alabama. The cause was orally argued and submitted to this court on the 9th day of May, 1940. The judgment of the circuit court of Clark County was affirmed by this court on June 4th, 1940. Sims v. State, 29 Ala.App. 398, 198 So. 258. The prisoner then filed an application for rehearing, which was duly overruled on June 18, 1940, and thereafter the Supreme Court of Alabama denied his application for a writ of certiorari to review and revise the judgment of this court. 240 Ala. 177, 198 So. 259.

All the facts are shown by the return of the Warden, and in addition the return recites that the record in the Clark County circuit court does not show that any motion was made on or before the trial of

the prisoner for a continuance or postponement of the case on the ground that counsel the prisoner had employed had withdrawn from the case or that the prisoner desired to employ other counsel. Neither does the record show that the prisoner made any objection in any manner or form, either on or before or after the trial of the cause, to being put to trial without the assistance of counsel, nor does the record show that the prisoner requested the court to appoint counsel to represent him.

No motion for a new trial was made in the circuit court. The facts stated in the return were not controverted. The offense with which the prisoner was charged was not a capital offense and therefore the court was not required to appoint counsel for him. Title 15, Section 318, Ala. Code 1940. The prisoner had the right to proceed with the trial in the absence of counsel and to represent himself, and his entry into the trial without objection or any request for counsel, so far as this record discloses, must on this hearing be treated as an election on his part to exercise his constitutional right.

Section 22, Title 15, of the Alabama Code, 1940, provides: "The party on whose behalf the writ is sued out may deny any of the facts stated in the return and allege any other facts which may be material in the case; and the court or judge may examine, in a summary way, into the cause of the imprisonment or detention, and hear the evidence adduced."

The return of the Warden discloses that the prisoner was legally incarcerated in the penitentiary. The prisoner undertook to traverse that return in the following manner: He admitted his indictment as alleged in the return and his trial in the circuit court of Clark County, Alabama. He asserted, however, that he had committed no crime and that there was no legal evidence before the grand jury that indicted him, showing he had committed the crime for which the indictment was returned. He further alleged that there was no legal evidence offered against him to sustain the indictment, and that prior to his trial he had employed a member of the Clark County Bar to defend him and that his attorney withdrew his appearance just before entering upon the trial and that thereupon the prisoner requested a short postponement of the trial in order that the prisoner might employ other counsel to defend him on his trial, but that his application was denied and he was thereupon put on trial and convicted and sentenced as aforesaid.

It being conceded that the prisoner was incarcerated in the penitentiary under sentence imposed by the Clark County Circuit Court, and it further appearing that the record in his case is in all respects regular, the only matter that could be inquired into on habeas corpus in the court below was the jurisdiction of the Clark Circuit Court to render the judgment and impose the sentence that was imposed. Mere errors or irregularities in the proceedings in the Clark County Circuit Court are not available. If they existed they cannot be inquired into collaterally. Ex parte Bizzell, 112 Ala. 210, 21 So. 371; Bray v. State, 140 Ala. 172, 37 So. 250. If we assume that the prisoner's application for a short postponement of his trial, alleged to have been made to the circuit court of Clark County, was erroneously overruled—a fact not shown by the record—that question cannot be raised in this proceeding. We are also of the opinion, and so hold, that the prisoner cannot at this time and in this proceeding question the sufficiency of the evidence before the grand jury of Clark County to support the indictment that was returned against him. Neither can he in this proceeding assert that there was no evidence offered against him on his trial in the circuit court to sustain the indictment that was returned by the grand jury.

The circuit court of Clark County had jurisdiction of the subject matter and of the person before it. This fact affirmatively appearing precluded the trial court from making any inquiry into the sufficiency of the evidence before the grand jury or the trial court, or the propriety of refusing to postpone the trial, if in fact there was such refusal. Such matters were not material within the meaning of the statute above referred to. We are, therefore, of the opinion that the trial court's conclusion that the prisoner was not entitled to a discharge on habeas corpus is correct and the order appealed from is affirmed.

Affirmed.