## MACKRETH v. WILLIAMS, Warden.
### No. 11147.

Circuit Court of Appeals, Fifth Circuit.

Nov. 3, 1944.

Gerald Churchill Mackreth, in pro. per.

John O. Harris, Asst. Atty. Gen., of Alabama, for appellee.

Before SIBLEY, McCORD, and LEE. Circuit Judges.

LEE, Circuit Judge.

This case comes to us from a judgment dismissing appellant's petition for a writ of habeas corpus and remanding him to the custody of the Warden of Kilby Prison.

Two questions are presented for our solution:

1. Did the District Judge err in dismissing appellant's petition for writ of habeas corpus on the ground that appellant had not exhausted his remedies in the courts of Alabama?

2. Are the findings of the District Judge that appellant made an intelligent waiver of his right to counsel supported by substantial evidence?

Appellant was indicted in Clarke County, Alabama, for obtaining property by false pretenses.[1] He was tried and convicted in the Circuit Court of Clarke County and sentenced to serve a term of seven and one-half years in the penitentiary. He appealed to the Court of Appeals of Alabama, where the judgment of conviction was affirmed.[2] He then petitioned the Supreme Court of Alabama for writ of certiorari, which was denied.[3] Thereupon, appellant filed a petition for a writ of habeas corpus in the Circuit Court of Montgomery County, Alabama. Upon that court's denying his petition, he appealed therefrom to the Court of Appeals of Alabama, where the judgment was affirmed. A petition addressed to the Supreme Court of Alabama for certiorari was denied,[4] and appellant petitioned the Supreme Court of the United States for certiorari.[5] Upon refusal of the Supreme Court of the United States to grant certiorari, appellant instituted the proceedings now before us on appeal, alleging, substantially, that he was denied the right to be represented by counsel at his trial for obtaining property by false pretenses; that counsel employed by him refused shortly before trial to represent him; that the trial judge improperly declined to postpone the trial a few hours so that he could employ other counsel; and that he was tried without counsel in violation of the Constitution of the United States.

At the hearing, appellee moved to dismiss the petition on the ground that appellant had not exhausted his remedies in the courts of Alabama in that he had not applied to the Supreme Court of Alabama for leave to file a petition in the Circuit Court of Clarke County, Alabama, for a writ of error coram nobis. The court withheld ruling on the motion until the merits of the case had been presented, then entered judgment discharging the writ both on the procedural ground and on the merits.

The record in this case leaves us somewhat in doubt as to whether appellant had exhausted his remedies in the courts of Alabama. In his brief he sets forth that in his petition to the Supreme Court of Alabama for certiorari to the Court of Appeals of Alabama to review and revise the adverse judgment against him on his petition for writ of habeas corpus, he used the following language: "Wherefore, your Petitioner respectfully prays that a writ of certiorari issue out of and under the seal of this Honorable Court, directed to the Court of Appeals of Alabama, in case numbered and entitled on its docket 3 Div. 855, Gerald Churchill Mackreth, Petitioner (Appellant), vs. Earl R. Wilson, as Warden of Kilby Prison, Respondent (Appellee) [15 So.2d 112], and, in the alternative, he prays that this petition and petitioner's petition for writ of habeas corpus be considered by this Honorable Court as a petition for a writ of error coram nobis, and he herewith files a brief in support of this petition, and prays that the judgment of the Court of Appeals of Alabama, and the judgment of the Circuit Court of Clarke County, Alabama, be reversed, and that the petitioner have such other, further, additional, different, general and specific relief in the premises as to this Honorable Court may seem meet and just, and, as in duty bound, Petitioner will ever pray * * *."

The language referred to is language usually found embodied in legal proceedings and would have been appropriate in a petition addressed to the Supreme Court of Alabama. If no action upon the alternative prayer for a writ of error coram

---

[1] Code of Alabama 1923, § 4131, Code of Alabama 1940, Title 14, § 209.

[2] See Sims v. State, 29 Ala.App. 398, 198 So. 258.

[3] See Sims v. State, 240 Ala. 177, 198 So. 259.

[4] See Mackreth v. Wilson, 15 So.2d 112; Id., 244 Ala. 649, 15 So.2d 114.

[5] See Mackreth v. State of Alabama, 321 U.S. 772, 64 S.Ct. 528, 88 L.Ed. ——.

nobis was taken by the Supreme Court of Alabama, the failure of that court to act, if the prayer of the petition addressed to it contained the language quoted, would in effect be a denial of the petition for a writ of error coram nobis. In view, however, of the uncertainty of the record on this phase of the case, we prefer to rest our decision upon the second question before us, namely, are the findings of the court below supported by substantial evidence?

The case was heard upon the testimony of three witnesses: the judge of the Circuit Court of Clarke County, Alabama, in whose court appellant was tried, the attorney whom appellant alleges that he employed to represent him, and the appellant. The testimony of Judge Pelham, of the Circuit Court of Clarke County, Alabama, was that when appellant's case was called, appellant stated that he did not have an attorney but that he was ready for trial; that appellant had previously filed a motion for a change of venue, which was, on the day of trial, tried and acted upon; that appellant never at any time requested the court to appoint counsel, nor stated to the court that he wanted to be represented by counsel; that the court of its own volition appointed a young attorney who was in the courtroom to strike the jury for the appellant, but that appellant conducted his own defense and did so in a fairly skillful manner, interposing objections to the introduction of testimony and cross-examining the State witnesses; that at the conclusion of the State's case, he filed a motion to exclude the State's testimony, and at the close of all of the testimony, he requested a directed verdict in his favor; that at no time did appellant ever request a short postponement in order to employ counsel.

J. Woodrow Gilmore, the attorney appellant alleges he had employed but who, shortly before trial, refused to represent him, testified that he was called in by appellant prior to the trial, and had an understanding with the appellant that if appellant would pay him $100 he would represent him; that appellant paid him a small consultation fee but never paid the $100; that consequently he was never employed to represent appellant at the trial. He also testified that he was in the courtroom the morning appellant's case was called for trial and heard what transpired. He stated that appellant at no time made any request of the trial judge for a postponement or continuance of the case, nor did he request counsel, nor did he state to the court that he wanted counsel to represent him; "to the contrary, he told Judge Pelham he was not represented by an attorney, but that he was ready for trial, he was anxious for a trial inasmuch as he had been locked up in jail at Mobile, Alabama, and in Clarke County, Alabama, for a period, if I remember correctly, in excess of one year, and he was anxious to go to trial."

Appellant testified that before the trial he paid Mr. Gilmore $40 to represent him and also gave Mr. Gilmore a check; that it was only the night before the trial that he learned that he would not be represented; that immediately before the trial, appellant requested a short postponement in order to employ counsel, which request was refused by the trial judge.

The testimony, we think, amply supports the findings of the trial judge that appellant, instead of asking for a postponement or a continuance of his case in the Circuit Court of Clarke County, insisted upon a trial, and, instead of asking that he be given time to employ counsel, deliberately elected to go to trial without counsel and to represent himself; that he was a man of understanding; and that he intelligently waived his right to counsel.

The judgment is affirmed.