132 So.2d 327

**Arthur Eugene ALLEN**

v.

**STATE.**

**3 Div. 77.**

Court of Appeals of Alabama.

June 30, 1961.

Arthur Eugene Allen, pro se.

MacDonald Gallion, Atty. Gen., and Dwight W. Bradley, Asst. Atty. Gen., for the State.

CATES, Judge.

Allen, twice convicted of second degree burglary in the Pickens Circuit Court and now in Kilby Prison, sought habeas corpus in the Montgomery Circuit Court. His petition contends that in the Pickens Circuit Court (1) the trial judge refused him the assistance of counsel and (2) the State "induced and employed coerced and false testimony to secure [his] tainted conviction."

As an exhibit Allen attached an affidavit of a confederate in the burglaries. The effect of this affidavit was that the solicitor induced the confederate's wife to make certain false statements in exchange for her liberty. The affidavit is silent as to whether or not these statements were made on the witness stand.

If true, these questions are not amenable to post conviction review by way of habeas corpus. Code 1940, T. 15, §§ 27 and 28. From Bricken, P. J., in Mackreth v. Wilson, 31 Ala.App. 191, 15 So.2d 112, 113, we quote:

> "It being conceded that the prisoner was incarcerated in the penitentiary under sentence imposed by the Clark County Circuit Court, and it further appearing that the record in his case is in all respects regular, the only matter that could be inquired into on habeas corpus in the court below was the jurisdiction of the Clark Circuit Court to render the judgment and impose the sentence that was imposed. Mere errors or irregularities in the proceedings in the Clark County Circuit Court are not available. If they existed they cannot be inquired into collaterally. * * *"

The conclusion of Allen's brief begins: "Perhaps this Appellant is guilty. Perhaps he is innocent. This we do not know."

If Allen himself does not know whether he is guilty or innocent, it would seem that this court is being very much trifled with in an attempt to create a predicate for his liberation by means of habeas corpus under 28 U.S.C., § 2255.

The judgment of the court below denying the petition is due to be

Affirmed.