133 So.2d 201

James ARGO

v.

STATE.

3 Div. 78.

Court of Appeals of Alabama.

June 30, 1961.

Rehearing Denied Aug. 15, 1961.

James Argo, pro se.

MacDonald Gallion, Atty. Gen., and Dwight W. Bradley, Asst. Atty. Gen., for the State.

PRICE, Judge.

This is an appeal from a judgment denying appellant's release in a habeas corpus proceeding.

On the 27th day of March, 1961, the appellant, Jimmy Argo, filed a petition for a writ of habeas corpus in the Circuit Court of Montgomery County, and on the same day the writ was issued by the Honorable Eugene W. Carter, directed to A. Frank Lee, as Commissioner of the Board of Corrections of the State of Alabama, and Martin J. Wiman, as Warden of Kilby Prison, commanding them to have the body of petitioner together with the cause of his detention, before him on the 29th day of March, 1961.

The return to the writ sets out that the prisoner was confined to the state penitentiary by virtue of a judgment and sentence of the Circuit Court of Jefferson County, Alabama, of date March 18, 1960. A copy of the indictment and of the judgment and sentence of the circuit court appear as exhibits to the return to the writ.

The indictment, in two counts, charges petitioner with the offenses of grand larceny and buying, receiving or concealing stolen property. The indictment is regular in all respects and is sufficient.

The judgment of the Circuit Court of Jefferson County is, in pertinent part, as follows:

"This the 16th day of March, 1960, came Emmett Perry, Solicitor, who

prosecutes for the State of Alabama, and also came the defendant in his own proper person and by attorney, and the defendant being present in open court and the case being ready and defendant's attorney, Arthur Parker, not being here fifty minutes after Court began at 9:00 A.M., as announced, it is ordered by the Court that Hon. C. E. Huey, a duly licensed and practicing attorney of Jefferson County, Alabama be appointed to represent the defendant.

"And on this the 17th day of March, 1960, defendant being duly arraigned upon the indictment in this cause, for his plea thereto says that he is not guilty, and issue being joined on said plea, thereupon came a jury of good and lawful men, to-wit: R. B. Reid and eleven others, who being empanelled and sworn according to law, before whom the trial of this cause was entered upon and continued from day to day, and from time to time, said defendant being in open Court at each and every stage and during all the proceedings in this cause; at 2:20 P.M., Arthur Parker, attorney, appeared and joined in defense of defendant to conclusion; now on this the 17th day of March, 1960, said jurors upon their oaths do say: 'We the jury find the defendant guilty as charged in the indictment and fix the value of the stolen property at $2500.00.' "

The defendant was sentenced to imprisonment in the penitentiary for a term of six years.

An appeal was taken to this court from said judgment, on the record proper, and the cause was affirmed without an opinion on May 31, 1960.

A hearing was had in the habeas corpus proceeding, and the court determined that petitioner was not illegally restrained of his liberty and was not entitled to his discharge.

It is alleged in the petition for the writ that petitioner was forced into the trial of his case in the absence of his chosen counsel, and that he was "refused a continuance of (20) twenty minutes," in order that he might locate his attorney and procure his attendance on the trial. In brief, petitioner asserts that the refusal of a continuance under the circumstances was a violation of his constitutional rights of due process and equal protection under the law.

■ There is nothing in the record before us which tends to show that the prisoner requested or was refused a continuance because of the absence of counsel. Mackreth v. Wilson, 31 Ala.App. 191, 15 So.2d 112. In fact, the judgment recites that the court continued the case for fifty minutes before appointing an attorney to represent the appellant, annd the actual trial did not begin until the next day.

■ It is well settled that when a judgment or sentence of another court is returned as the cause of the petitioner's detention or imprisonment, the jurisdiction of the court to render such judgment or sentence is the only matter which may be considered. Ex parte Bizzell, 112 Ala. 210, 21 So. 371; Mackreth v. Wilson, supra; Howard v. City of Bessemer, 40 Ala.App. 317, 114 So.2d 158. In order to impeach the trial court's jurisdiction on habeas corpus, illegality must appear on the face of the proceedings. Griffin v. State, 258 Ala. 557, 63 So.2d 682.

It affirmatively appears from the record that the Circuit Court of Jefferson County had jurisdiction to render the judgment and pronounce the sentence, and that the proceedings were regular in all respects.

■ Appellant's argument in the court below and here that court appointed counsel representing him upon the trial was "inadequate," raises no jurisdictional question. Mackreth v. Wilson, supra, but merely asserts an error or irregularity not reviewable on habeas corpus. Griffin v. State, supra.

The judgment of the court denying habeas corpus is affirmed.

Affirmed.