132 So.2d 390

Joe WILKIE

v.

STATE.

3 Div. 79.

Court of Appeals of Alabama.

June 30, 1961.

Rehearing Denied Aug. 15, 1961.

Joe Wilkie, pro se.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant is a prisoner in Kilby prison, having heretofore been adjudged guilty of grand larceny and sentenced to three years imprisonment by the Circuit Court of Franklin County.

He sought his release from such sentence in a habeas corpus proceeding at which the Hon. Eugene Carter, one of the circuit judges of Montgomery County, presided. At the conclusion of the hearing Judge Carter entered an order denying the appellant relief, and remanding him to the custody of the warden of Kilby prison, who was the respondent in the habeas corpus proceeding.

In the answer filed by the respondent, and the exhibits attached thereto, it is shown that the respondent held this appellant by virtue of a judgment in the Circuit Court of Franklin County, Alabama, adjudging the appellant guilty of grand larceny and imposing a sentence of three years imprisonment, which judgment of guilty was pursuant to a verdict of the jury trying the appellant.

As we understand the petition filed in the habeas corpus proceedings, this appellant questions his conviction on the grounds that (1) the jury first returned a verdict finding him guilty under both counts of the indictment, the indictment having contained two counts, one for grand larceny of a table model radio, and the second for having, receiving, and concealing, the table model radio alleged to have been stolen in count one. The court refused to accept this verdict and instructed the jury they could only find the defendant guilty under one of the counts of the indictment. The jury thereupon returned to the jury room and upon further consideration found the appellant guilty under count one of the indictment; (2) that the statute of limitations had run upon the offense for which the appellant was indicted and convicted.

We might note in this regard that the petitioner alleges in his petition that he was arrested in Tennessee on August 20, 1956, and was in jail during the month of September 1956, which time was within the period he would seek to set up in establishing the statute of limitations. Being out of the State, the statute was of course tolled during this time. Regardless, the aid of a writ of habeas corpus may not be invoked on the ground that the offense charged is barred by the statute of limitations. Whitten v. Tomlinson, 160 U.S. 231, 16 S.Ct. 297, 40 L.Ed. 406; 25 Am. Jur. Habeas Corpus, Sec. 51, and (3) appellant alleges that the witnesses appearing against him in the trial below testified falsely.

From the record before us, it is clear that the Circuit Court of Franklin County had jurisdiction of the subject matter and the accused. The judgment on its face is in all respects regular. As we stated in Hable v. State, post, p. 398, 132 So.2d 271:

"The writ of habeas corpus cannot be used to replace a writ of error, or an appeal. Nor can the writ be used to correct errors in a judgment if the jurisdiction of the court rendering the judgment is without question. The writ is against void but not irregular or voidable judgments. Howard v. City of Bessemer, 40 Ala.App. 317, 114 So.2d 158.

"In habeas corpus proceedings it is not allowable to impeach the court's jurisdiction by parol testimony. Such

**360**

matters of invalidity must appear on the face of the proceedings. Griffin v. State, 258 Ala. 557, 63 So.2d 682."

Affirmed.