140 So.2d 294

## James E. RUFFIN

v.

## STATE.

### 3 Div. 113.

Court of Appeals of Alabama.
April 17, 1962.

James E. Ruffin, pro se.

MacDonald Gallion, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and Roy E. Hicks, Montgomery, Legal Research Aide, for the State.

HARWOOD, Presiding Judge.

This is an appeal from a judgment rendered by the Hon. Eugene Carter, a judge of the Circuit Court of Montgomery County, denying appellant's release in a habeas corpus proceeding.

The appellant is now a convict serving a sentence imposed upon him upon his conviction in the Circuit Court of Jefferson County, under an indictment charging him with escaping from confinement.

In his answer in the habeas corpus proceedings below, the respondent Martin J.

Wiman, Warden of Kilby prison, asserted that he was holding this appellant under and by virtue of the above mentioned judgments of the Jefferson County Circuit Court. A copy of the indictment in the case, and of the judgment entered therein, is attached to the respondent's answer as an exhibit to his return to the writ.

The Circuit Court of Jefferson County has jurisdiction to render the judgment and to pronounce the sentence, and the indictment and judgment appear regular in all respects. As stated by Price, J., in Argo v. State ante, p. 347, 133 So.2d 201:

"It is well settled that when a judgment or sentence of another court is returned as the cause of the petitioner's detention or imprisonment, the jurisdiction of the court to render such judgment or sentence is the only matter which may be considered. Ex parte Bizzell, 112 Ala. 210, 21 So. 371; Mackreth v. Wilson, supra [31 Ala.App. 191, 15 So.2d 112]; Howard v. City of Bessemer, 40 Ala.App. 317, 114 So.2d 158. In order to impeach the trial court's jurisdiction on habeas corpus, illegality must appear on the face of the proceedings. Griffin v. State, 258 Ala. 557, 63 So.2d 682."

This judgment is due to be affirmed and it is so ordered.

Affirmed.