142 So.2d 678

Felix Marvin JORDAN

v.

STATE.

3 Div. 112.

Court of Appeals of Alabama.

April 17, 1962.

Rehearing Denied May 15, 1962.

Felix Marvin Jordan, pro se.

MacDonald Gallion, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and John F. Ingram, Montgomery, Legal Research Aide, for the State.

HARWOOD, Presiding Judge.

This is an appeal from a judgment rendered by the Hon. Eugene Carter, a judge of the Circuit Court of Montgomery County, denying appellant's release in a habeas corpus proceeding.

The appellant is now a convict serving two sentences imposed upon him upon his conviction in the Circuit Court of DeKalb County, under two separate and distinct indictments charging him with buying, receiving or concealing stolen goods.

In his answer in the habeas corpus proceeding below, the respondent Martin J. Wiman, Warden of Kilby prison, asserted that he was holding this appellant under and by virtue of the above mentioned judgments of the DeKalb County Circuit Court. A copy of the indictments in the two cases, and of the judgments entered respectively therein, are attached to the respondent's answer as exhibits to his return to the writ.

These indictments show on their face that they charge separate and distinct offenses, in that the stolen goods alleged to have been bought, received, or concealed are not the same, and the alleged owners of said goods are not of the same name.

The Circuit Court of DeKalb County has jurisdiction to render the judgments and to pronounce the sentences, and the indictments and judgments appear regular in all respects. As stated by Price, J., in Argo v. State, ante, p. 347, 133 So.2d 201:

"It is well settled that when a judgment or sentence of another court is returned as the cause of the petitioner's detention or imprisonment, the jurisdiction of the court to render such judgment or sentence is the only matter which may be considered. Ex parte Bizzell, 112 Ala. 210, 21 So. 371; Mackreth v. Wilson, supra [31 Ala.App. 191, 15 So.2d 112]; Howard v. City of Bessemer, 40 Ala.App. 317, 114 So.2d 158. In order to impeach the trial court's jurisdiction on habeas corpus, illegality

must appear on the face of the proceedings. Griffin v. State, 258 Ala. 557, 63 So.2d 682."

This judgment is due to be affirmed and it is so ordered.

Affirmed.