150 So.2d 709

**Charles EDWARDS**

v.

**STATE of Alabama.**

**3 Div. 56.**

Supreme Court of Alabama.

Feb. 28, 1963.

Charles Edwards, pro se.

Richmond M. Flowers, Atty. Gen., and Winston Huddleston, Sp. Asst. Atty. Gen., for the State.

MERRILL, Justice.

This is an appeal from a judgment denying appellant's release from prison in a habeas corpus proceeding. The appellant is the same Charles Edwards whose appeal from a judgment denying an application for a writ of error coram nobis was this day affirmed by this court in Edwards v. State, past, p. 569, 150 So.2d 710.

Appellant's petition shows that he was convicted of murder in the first degree in the Circuit Court of Shelby County, and was sentenced to a term of life in the penitentiary. The answer to the petition filed by the warden of Kilby Prison asserted that the appellant was being held under and by virtue of a judgment and sentence of the Circuit Court of Shelby County, Alabama, copies of which were attached to the return showing the judgment of the court that the defendant's punishment be fixed at life in the penitentiary.

It is well settled that when a judgment or sentence of another court is returned as the cause of the petitioner's detention or imprisonment, the jurisdiction of the court to render such judgment or sentence is the only matter which may be considered. Jordan v. State, Ala.App., 142 So.2d 678[1], cert. denied, 273 Ala. 709, 142 So.2d 679. In order to impeach the trial court's jurisdiction on habeas corpus, illegality must appear on the face of the proceedings. Griffin v. State, 258 Ala. 577, 63 So.2d 682.

The record before us shows that the Circuit Judge of Montgomery County gave appellant a full hearing even though he was not required to do so in view of the uncontested answer of the warden of Kilby Prison, because it affirmatively appeared from the record that the Circuit Court of Shelby County had jurisdiction to render the judgment and pronounce the sentence and that the proceedings were regular in all respects. Other authorities supporting the affirmance of the lower court are Warden v. State, 41 Ala.App. 449, 134 So.2d 783;

Argo v. State, 41 Ala.App. 347, 133 So.2d 201, cert. denied 272 Ala. 699, 133 So.2d 203; Wilkie v. State, 41 Ala.App. 358, 132 So.2d 390.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.