152 So.2d 429

**Thomas WILLIAMS**

**v.**

**STATE.**

**3 Div. 137.**

Court of Appeals of Alabama.

March 12, 1963.

Thomas Williams, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for State.

JOHNSON, Judge.

This is an appeal from an order by the Montgomery County Circuit Court denying petitioner's discharge on a writ of habeas corpus.

Petitioner, Thomas Williams, was indicted by the Grand Jury of Madison County on November 7, 1958, for the offense of assault with intent to murder and on December 3, 1958, in the Madison County Circuit Court, was arraigned upon the indictment, tried for said offense, and sen-

tenced to ten years in the penitentiary as punishment for his crime.

We observe in the petition of the appellant for writ of habeas corpus in the Circuit Court of Montgomery County, Alabama, that the following is averred: (1) that petitioner was confined in the Madison County jail for a period of six weeks before he was carried before a magistrate for a hearing; (2) that he was not represented by counsel; (3) that he was not legally arrested; (4) that he was not arraigned in court until the day of his trial; (5) that he was not allowed to call witnesses in his behalf at his original trial; and (6) that the assaulted party never appeared in court at the trial.

To this petition the respondent, Martin J. Wiman, warden of Kilby Prison, filed a return and motion to vacate the writ and remand petitioner. To his return Wiman attached certified copies of the original warrant of arrest, indictment, and judgment entry of petitioner's original conviction which appear to be regular on their face.

The only matter which could be inquired into on habeas corpus by the court below was the jurisdiction of the Madison County Circuit Court to render the judgment and impose upon the petitioner the sentence he received.

The court below could not consider mere irregularities in the Madison County Circuit Court. If any irregularities existed, they could not be inquired into collaterally by habeas corpus. We here quote from Allen v. State, 41 Ala.App. 336, 132 So.2d 327:

"If true, these questions are not amenable to post conviction review by way of habeas corpus. Code 1940, T. 15, §§ 27 and 28. From Bricken, P. J., in Mackreth v. Wilson, 31 Ala.App. 191, 15 So.2d 112, 113, we quote:

" 'It being conceded that the prisoner was incarcerated in the penitentiary under sentence imposed by the Clark County Circuit Court, and it further appearing that the record in his case is in all respects regular, the only matter that could be inquired into on habeas corpus in the court below was the jurisdiction of the Clark Circuit Court to render the judgment and impose the sentence that was imposed. Mere errors or irregularities in the proceedings in the Clark County Circuit Court are not available. If they existed they cannot be inquired into collaterally. * * *','"

The judge of the Montgomery County Circuit Court did not err in remanding the petitioner to the custody of the prison warden.

Affirmed.