154 So.2d 300

**David Dallas TAYLOR**

v.

**STATE.**

**3 Div. 140.**

Court of Appeals of Alabama.

April 9, 1963.

David Dallas Taylor, pro se.

Richmond M. Flowers, Atty. Gen., and Winston Huddleston, Sp. Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The appellant, David Dallas Taylor, filed his petition for writ of habeas corpus in the Montgomery Circuit Court, seeking his release from Kilby Prison.

The return to the writ made by the prison warden shows that the petitioner is being detained by virtue of two judgments and sentences of the Circuit Court of Walker County. The indictments, judgments and sentences, made a part of the return, appear to be regular in all respects and show that appellant was adjudged guilty of forgery in the second degree, after a plea of guilty to said charge, and was sentenced to the penitentiary for a term of two years. He was also adjudged guilty of murder in the second degree and sentenced to the penitentiary for a term of twenty years.

■ On habeas corpus when a judgment and sentence of a circuit court is returned as the cause for the detention of the petitioner, the only matter that can be inquired into is the jurisdiction of the said circuit court to render such judgment and impose such sentence. Mackreth v. Wilson, 31 Ala. App. 191, 15 So.2d 112; Allen v. State, 41 Ala.App. 336, 132 So.2d 327; Ex parte Bizzell, 112 Ala. 210, 21 So. 371.

■ The petitioner alleges that the State of Alabama, while he was serving his said sentences, voluntarily relinquished its jurisdiction of petitioner by releasing him to the federal courts for trial, where he was convicted and served a term in the federal penitentiary, and that the State of Alabama refused to take him into custody upon his discharge from the federal penitentiary.

To refute this contention various documents were introduced in evidence by the respondent, from which the trial court found:

"That the Petitioner had escaped from Kilby Prison, Alabama, in the year 1951 and was later apprehended by Federal Authorities in 1953. That the prisoner was tried in the United States Court, Northern District of Alabama at Birmingham, Alabama and convicted on November 4, 1953 for the offense of unlawful flight to avoid confinement. The Court further finds that the Petitioner was serving his sentence in the Federal Penitentiary at Atlanta, Georgia and in answer to questionnaire sent to the State of Alabama by the United States Department of Justice, the State of Alabama advised the Federal Authorities that the Prisoner had escaped from Kilby Prison, Alabama, and that he was wanted by Alabama Authorities. The Court further finds that through error the Federal officials released the petitioner upon his completion of his Federal sentence when in fact the State of Alabama had never waived jurisdiction over the Petitioner, but in fact had insisted to the Federal Authorities that Petitioner be returned to Alabama for a completion of his sentence.

"The Court finds that the Prisoner was an escapee from the Alabama prison and that until he was apprehended by the Alabama Authorities he was never under the jurisdiction of Alabama from the time of his escape although there was an arrest and conviction by Federal Authorities and a Federal sentence served between the escape of the Petitioner of the Alabama prison and his subsequent arrest and return to the Alabama Prison by Alabama authorities."

The trial court was correct in its finding that the petitioner was not entitled to discharge on habeas corpus.

The judgment is affirmed.

Affirmed.