155 So.2d 299

**Ex parte Joseph L. TAYLOR.**

**3 Div. 80.**

Supreme Court of Alabama.

June 27, 1963.

There are no facts averred in the instant petition which would warrant the issuance of the writ of habeas corpus by this court.

When a person is confined in the penitentiary, the petition for writ of habeas corpus must be addressed to the nearest circuit judge. Section 6, Title 15, Code 1940. Any "party aggrieved by the judgment on the trial of a habeas corpus may appeal to the supreme court or court of appeals." Section 369, Title 15, Code 1940.

We do not intend to imply that the matters of which Taylor complains will justify his release in a habeas corpus proceeding in any court. That question is not before us.

We deny the writ on the ground that the petition fails to make out a case for its issuance under § 140 of the Constitution.

Writ denied.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.

---

Joseph L. Taylor, pro se.

Richmond M. Flowers, Atty. Gen., for the State.

LAWSON, Justice.

Joseph L. Taylor, who is presently confined in Kilby Prison, has filed in this court an instrument which is captioned "Petition for the Writ of Habeas Corpus."

The writ of habeas corpus issues from this court only when necessary in the exercise of the "general superintendence and control of inferior jurisdictions" with which it is clothed by § 140 of the Alabama Constitution. Ex parte Chaney, 8 Ala. 424; Ex parte Croom, 19 Ala. 561. See Ex parte Winnagle, 269 Ala. 668, 115 So.2d 261.