160 So.2d 655

**Ex parte James Howard NUCKOLS.**

**5 Div. 634.**

Court of Appeals of Alabama.

Feb. 5, 1964.

James Howard Nuckols, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for respondent.

PRICE, Presiding Judge.

This is an original petition for writ of habeas corpus filed in this court by James Howard Nuckols who is confined in Draper Prison.

The petition recites that on September 26, 1963, petitioner applied to a circuit judge of the 19th. Judicial Circuit for a writ of habeas corpus, and that Nuckols was denied a hearing on said petition.

The State has moved to strike the petition. In the motion it is averred that the petition for writ of habeas corpus filed in the Circuit Court of Elmore County, was in fact heard and denied on October 15, 1963. However, no copy of the court's order appears in the petition or in the State's motion.

■ Of course, if a hearing was had and the writ denied, the petitioner's remedy is by appeal from the Circuit Judge's order, and not by original petition for habeas corpus here. Ex parte Burton, 275 Ala. 345, 155 So.2d 298; Ex parte Taylor, 275 Ala. 346, 155 So.2d 299; Ex parte Smith, 275 Ala. 344, 155 So.2d 297.

The petition filed in this court avers that notwithstanding the judgment of the court recites that he was provided with counsel on his original trial in the Circuit Court of Fayette County, the true facts are that he was without funds to employ an attorney and the court failed to appoint counsel to represent him at any stage of the proceedings against him.

■ If the proceedings and conviction under which the petitioner is held are of a court of competent jurisdiction and are regular on their face, the court's jurisdiction cannot be impeached by parol testimony in a habeas corpus proceeding. · Griffin v. State, 258 Ala. 557, 63 So.2d 682.

■ The failure or refusal to appoint counsel cannot be raised by a habeas corpus proceeding in Alabama. Griffin v. State, supra; Allen v. State, 41 Ala.App. 336, 132 So.2d 327; Anderson v. State, 41 Ala.App. 502, 139 So.2d 352.

The motion to strike the petition is due to be granted.

Petition stricken.