162 So.2d 464

**Ex parte James Howard NUCKOLS.**

**5 Div. 792.**

Supreme Court of Alabama.

March 26, 1964.

See also, Ala.App., 160 So.2d 655.

James Howard Nuckols, pro se.

Richmond M. Flowers, Atty. Gen., for the State.

LIVINGSTON, Chief Justice.

This is an original petition for writ of habeas corpus, although it is styled "Re-Application for Writ of Habeas Corpus," filed in this court by James Howard Nuckols, who is confined in Draper Prison.

The petition recites that "James Howard Nuckols was convicted and sentenced to a term of five and one-half (5½) years by the Presiding Judge of the 24th Judicial Circuit Court of Fayette County, Alabama, on the 29th day of August, 1962. He was at all times without funds to afford an attorney in his behalf and at no time did the said court attempt to appoint counsel to represent him or ascertain whether he was in need of counsel to represent him at any stage of the proceedings against him by the State of Alabama.

"That petitioner, James Howard Nuckols, petitioned the 24th Judicial Circuit Court of Fayette County, Alabama, for a writ of error coram nobis on the 4th day of June, 1963, and that said court has refused to grant the said petitioner the opportunity to inquire into the intrinsic fairness of his conviction."

His petition further recites that on September 26, 1963, petitioner applied to a circuit judge of the 19th Judicial Circuit for a writ of habeas corpus, and that he was denied a hearing on said petition.

The state moved to strike the petition. Among other grounds of the motion to strike are the following:

1. For that petitioner has another plain, adequate remedy at law.

3. For that the matters which petitioner seeks to raise on original petition for writ of habeas corpus are matters which may not be raised by petition for writ of habeas corpus in the State of Alabama.

4. For that petition seeks to raise matters by parole testimony, contradicting the face of the record in a habeas corpus proceeding.

In the state's motion to strike, it is averred that the petition for writ of habeas corpus filed in the Circuit Court of the 19th Judicial Circuit was in fact heard and denied on October 15, 1963. However, no copy of the court's order appears in the petition or in the state's motion to strike.

It is also averred that petitioner filed in the Court of Appeals of Alabama a petition for writ of habeas corpus, which was denied on February 5, 1964, and that petitioner failed to ask for a rehearing in the Court of Appeals of this denial.

■ If a hearing was had and the writ denied in the Circuit Court of the 19th Judicial Circuit, petitioner's remedy was by appeal from the circuit judge's order and not by original petition for habeas corpus here or in the Court of Appeals. Ex parte Burton, 275 Ala. 345, 155 So.2d 298; Ex parte Taylor, 275 Ala. 346, 155 So.2d 299; Ex parte Smith, 275 Ala. 344, 155 So.2d 297.

The petition filed in this court avers that notwithstanding the judgment of the court which tried petitioner recites that he was provided with counsel on his original trial in the Circuit Court of Fayette County, Alabama, the true facts are that he was without funds to provide an attorney and the court failed to appoint counsel to represent him at any stage of the proceedings against him.

■ If the proceedings and conviction under which petitioner is held are of a court of competent jurisdiction and are regular on their face, the court's jurisdiction cannot be impeached by parole testimony in a habeas corpus proceedings. Griffin v. State, 258 Ala. 557, 63 So.2d 682.

■ The failure or refusal to appoint counsel cannot be raised by a habeas corpus proceedings in Alabama. Griffin v. State,

**370**

supra; Allen v. State, 41 Ala.App. 336, 132 So.2d 327; Anderson v. State, 41 Ala.App. 502, 139 So.2d 352.

■ If petitioner had desired a review by this court of the decision of the Court of Appeals, or if we are to consider this a petition for certiorari to the Court of Appeals, he should have made application for rehearing in the Court of Appeals within 15 days from the decision of that court. This is a prerequisite to a review by this court of the action of the Court of Appeals, and is by writ of certiorari and not by habeas corpus. Pate v. State, 275 Ala. 327, 154 So.2d 685. See also Ex parte Nuckols, Ala.App. 160 So.2d 655.

The motion of the state to strike the petition is due to be, and is, granted.

Petition stricken.

SIMPSON, MERRILL and HARWOOD, JJ., concur.