BOOKOUT, Judge.
This is an appeal from denial of a writ of habeas corpus. The record reveals that the appellant was originally charged in two separate complaints with third degree assault for assaulting two law enforcement officers in violation of § 13A-6-22, Code of Ala. 1975, as amended. The appellant was convicted in the District Court of Dallas County on both charges and was sentenced to *905 hard labor for Dallas County for twelve months and a fine of $2,000 in each case. He appealed from the district court to the circuit court on March 5, 1980. The appellant is not an indigent and has been represented at all stages of these various proceedings by retained counsel, Frank L. Thiemonge, III, of Montgomery.
. On the appeal to the circuit court, a pretrial conference was scheduled for April 24, 1980, but the appellant and his attorney failed to appear, and the circuit judge dismissed the appeal. Counsel for the appellant then petitioned for a reinstatement of the appeal, alleging that “the district attorney and the defense attorney agreed to a continuance of the pretrial conference in hopes of settling the case.” After a hearing on July 1, 1980, the trial judge denied the motion to reinstate the appeal. On August 14 counsel for the appellant filed with the circuit clerk a notice of appeal to this court. The record indicates no further action on the appeal was taken by the appellant’s attorney, and on December 15, 1980, the circuit judge issued an order for the arrest of the appellant in each case. The appellant was arrested and committed to jail on December 18, and his attorney filed a petition for writ of habeas corpus with the Circuit Court of Dallas County the next day.
In the habeas corpus petition, counsel for the appellant alleges that he and his client failed to appear for the pretrial conference on April 24 “based upon the Petitioner’s attorney having a conflict of schedule and understanding that the case would be continued.” He alleges that, contrary to Code § 12-22-112, the appellant’s case was remanded to the district court for his and the appellant’s failure to appear. Counsel for appellant likewise alleges that after the circuit court refused to reinstate the appeal from district court that he gave notice of appeal to this court, but that the “Circuit Court of Dallas County has failed to provide the Court of Criminal Appeals with a transcript of court proceedings and copies of pleadings.”
On December 22, 1980, the Circuit Court of Dallas County, held a hearing on the petition for writ of habeas corpus, at which counsel for the appellant again failed to appear. A member of the Dallas County Bar appeared instead and stated to the court that “Mr. Thiemonge is the attorney of record in this case and he telephoned me and requested that I handle the matter for him today, that he is indisposed.”
The appellant’s contention on the habeas corpus hearing was that the trial court was without authority to dismiss the appeal from district court for failure of the appellant and his counsel to appear at the pretrial conference on April 24, 1980. The basis of that argument rested on Code § 12-22-112, which states:
“(a) If the defendant fails to appear at the circuit court as required by the appeal bond, he shall be liable to the same penalties, forfeitures and proceedings as on a forfeited bail bond taken in the court, and a new warrant of arrest may issue from that court without any other authority therefor.
“(b) Such warrant of arrest must be directed to any sheriff of the state of Alabama; and, when the defendant is arrested, he must be dealt with in all respects as if the arrest had been made on capias from the circuit court.”
The trial court denied the petition for writ of habeas corpus, and the appellant has appealed that ruling to this court.
The trial court in ruling on the habeas corpus petition stated:
“What you have here and I want the record to show what we have here is a lawyer who has by policy and by custom made some arrangements with various clients in various cases to make a token initial appearance but he has not and he customarily has not seen to his obligations, to take care of his client’s business. It is not just on this one occasion but on any number of occasions that he has been notified to be in court and he’s failed to be in court. Had any number of various phone calls from secretaries and otherwise but very seldom has there been any
*906 appearance from this lawyer. Now, I might have been remiss in my responsibility by not holding this man a little bit more accountable to his obligations to his client and to the Court. And if I have in the past I want to assure you gentlemen that that will not happen again. If you are here on his behalf today I want you to be sure he understands that message.

“He has taken the position that he can appeal a case and let the matter go on forever and just let the defendant completely disappear and nothing can be done about the matter one way or the other. The only recourse is to do something one way or the other about possible forfeiture on the appeal bond but there’s no jeopardy and no problem so far as the defendant is concerned. All he has to do is just ignore the matter and stay away and he’s home free.- Now, I’m familiar with the code section that you cited and he’s cited previously but I don’t believe that that is the meaning or the spirit or the intent of that code section. And if a man does not appear in court when he’s ordered to appear in court, if he doesn’t take care of his case when I think I have an obligation to dismiss his appeal and that’s what I’ve done. And I probably should have gone further and taken some disciplinary action so far as the lawyer is concerned. I should have done that. The only question that is in my mind and that is when this appeal was dismissed and the case was remanded to the District Court, what if any status does this case have from that point forward in this court concerning— particularly when we've overruled his motion to reinstate the appeal. And that was done while that rascal was—pardon me, that gentleman was present in court back in July and he’s done nothing from July until December to perfect an appeal from my order; has he?”
I
The appellant’s assertion that the dismissal of his original appeal to this court was the fault of the Circuit Court of Dallas County is totally without merit. Although counsel for appellant contends the “Circuit Court of Dallas County has failed to provide the Court of Criminal Appeals with a transcript,” we would inform counsel that he should know that the burden to perfect an appeal is on him and not on the circuit court. “The appellant is under the duty of seeing that his appeal is perfected according to the requirements of statutes and rules of court.” Orum v. State, 286 Ala. 679, 680, 245 So.2d 831 (1971).
The circuit court was under no duty to perfect the appellant’s appeal for him. The burden is upon him and his retained counsel to obtain a transcript and see that it is timely filed in the appellate court, and this is so even in cases involving indigent appellants. Pope v. State, Ala., 345 So.2d 1385 (1976); Smith v. State, Ala., 346 So.2d 464 (1976).
We consider the instant contention on the part of the appellant’s counsel to be no more than an assertion that habeas corpus should lie because he was negligent in pursuing whatever legal remedies were available to his client. Habeas corpus does not lie to test the adequacy of counsel. Argo v. State, 41 Ala.App. 347, 133 So.2d 201, cert. denied, 272 Ala. 699, 133 So.2d 203 (1961).
II
Appellant contends he is unlawfully detained because the circuit court wrongfully dismissed his appeal from the district court for failure to appear at the pretrial conference. Such contention is not a proper ground to support the issuance of a writ of habeas corpus. “Habeas corpus is not a revisory remedy and cannot be made to answer the purpose of an appeal, certiorari, or writ of error.” Price v. Holman, 279 Ala. 324, 184 So.2d 835 (1966).
The appellant stands convicted of assault in the third degree under two judgments from district court which are valid on their face. Habeas corpus does not reach a valid judgment or even a voidable or irregular judgment; that writ lies only to chai- *907 lenge a judgment which is void. Weathington v. City of Birmingham, 52 Ala.App. 77, 289 So.2d 645 (1973), cert. denied, 292 Ala. 757, 289 So.2d 649 (1974). The circuit court therefore did not err in denying the petition for writ of habeas corpus.
AFFIRMED.
All the Judges concur.