CLARK, Retired Circuit Judge.
This is an appeal from a judgment in which the trial court denied this appellant’s petition for habeas corpus and overruled his petition or request for the production of the minutes of the Grand Jury pertaining to an indictment that had been returned against him and on the trial of which he had been convicted and sentenced to imprisonment in the penitentiary.
Upon consideration of the lengthy pro se petition, which contained a showing of indi-gency and request for the appointment of counsel to represent him, the trial court did so and thereafter conducted the hearing and arranged for the presence of the petitioner and his appointed attorney, the same attorney who represents him by appointment of the trial court on this appeal, who, in his brief, presents the following issues:
“ISSUE ONE
“DID THE TRIAL COURT ERR IN NOT CONSULTING APPELLANT OR HAVING THE CONSENT OF APPELLANT PRIOR TO ALLOWING THE TRIAL JURY TO REMAIN UNSE-QUESTERED THROUGHOUT THE COURSE OF THE TRIAL?
“ISSUE TWO
“IS DEFENDANT ENTITLED TO PRODUCTION OF THE GRAND JURY MINUTES WHEN HE ALLEGES THAT FALSE TESTIMONY WAS GIVEN TO THE GRAND JURY, AND WITHOUT SUCH FALSE TESTIMONY, THE GRAND JURY WOULD HAVE BEEN UNABLE TO RETURN AN INDICTMENT?”
Upon the hearing of the petition, petitioner testified as to the issues presented on appeal, and his attorney introduced some documentary evidence in his behalf. The only other witness on the hearing was defendant’s attorney on the trial of the case in which he was convicted.
The judgment of conviction and sentence that constitutes a basis for the instant proceeding was affirmed by this court without an opinion several months before the petition for writ of habeas corpus was filed, which was styled as “WALTER BOYKIN, PETITIONER PRO SE., VS. JAMES C. COOKE, (WARDEN) G.K. FOUNTAIN CORR. CENTER. DEFENDANTS ET AL.”
The position of appellee as to appellant’s ISSUE ONE is that the transcript on the trial of the case in which appellant was convicted discloses that at a “bench conference” both the defendant and his attorney answered in the negative to the court’s question, “Do you want the jury sequestered?” and that defendant’s attorney explained to defendant that “Sequestering means that the Judge will keep the jury together, not let them separate.”
We have no difficulty in reaching a conclusion as to ISSUE ONE, but we decline to do so at this time for the reasons hereinafter stated.
Although petitioner’s claim for relief via a writ of habeas corpus was never questioned in the trial court and is not questioned on this appeal, we find no basis for holding or assuming that the facts alleged in the petition constitute a valid ground for a writ of habeas corpus. Code of Alabama 1975, § 15-21-23 provides:
“On the return of a writ of habeas corpus, no court or judge has authority to inquire into the regularity or justice of any order, judgment, decree or process of any court legally constituted, nor into the justice or propriety of any commitment for contempt made by the court, officer *19 or body according to law and charged in such commitment.”
A petition for writ of habeas corpus furnishes no basis for relief from imprisonment or detention if and when the petition or application clearly discloses as the cause of the petitioner’s detention or imprisonment, that the court rendering judgment of conviction and sentence was acting within its jurisdiction in rendering such judgment. Edwards v. State, 274 Ala. 561, 150 So.2d 709 (1963); Cooper v. Wiman, 273 Ala. 699, 145 So.2d 216 (1962), cert. denied, 371 U.S. 958, 83 S.Ct. 516, 9 L.Ed.2d 505 (1963); Brooks v. State, 42 Ala.App. 69, 152 So.2d 441 (1963).
“Habeas corpus ad subjiciendum is ‘the just and efficacious writ’ (III Bl.Con. 131) which our Constitution, § 17, puts beyond suspension. Yet, it is no mere jumble of post conviction archeological tools to explore willy nilly the bones of old criminal trials .... ” Aaron v. State, 43 Ala.App. 450, 192 So.2d 456, 458 (1966)
As it is clear that the portion of the habeas corpus petition pertaining to -production of the minutes of the grand jury that returned the indictment against the petitioner is ancillary to the habeas corpus petition, and that the purported purpose thereof was in order to furnish evidence to support the habeas corpus petition, it necessarily follows that petitioner was not entitled to obtain such minutes. Furthermore, it is the established law that the sanctity of grand jury proceedings is of such paramount importance that a defendant is precluded from invading such sanctity by obtaining a copy of the testimony of witnesses. Brager v. State, Ala.Cr.App., 380 So.2d 401 (1980).
The hearing afforded petitioner was more than that to which he was entitled. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.