BOWEN, Presiding Judge.
Petitioner filed a petition for writ of ha-beas corpus in Elmore County alleging that the clerk of the Circuit Court of Choctaw County failed to provide him or his appointed counsel with the certificate of completion and transmittal of the record on appeal of his conviction for trafficking and a copy of the trial transcript. The State’s motion to dismiss was granted and from that ruling the petitioner appeals to this Court.
For habeas corpus to apply, the judgment under which the convicted person is held must be void on its face. Sneed v. State, 157 Ala. 8, 47 So. 1028 (1908). “Habeas corpus issues against void, and not merely voidable, judgments. * * * While habeas corpus will issue when the record shows an excess or a lack of jurisdiction on the part of the convicting court, ... an allegation of errors and irregularities in the conduct of the trial will not be considered.” Fields v. State, 407 So.2d 186, 187 (Ala.Cr.App.1981). The issue of the alleged failure of a circuit court to provide an appellant with a trial transcript is not cognizable in a petition for writ of habeas corpus. James v. State, 399 So.2d 904, 906 (Ala.Cr.App.1981). Allegations of errors or irregularities involving the appeal of a judgment which is not void on its face are properly raised in a petition for writ of error coram nobis. Longmire v. State, 443 So.2d 1265 (Ala.1982); Peterson v. State, 428 So.2d 201 (Ala.Cr.App.1983).
The petition was properly dismissed and the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.