LEIGH M. CLARK, Retired Circuit Judge.
This appellant, while confined at Staton Correctional Center at Elmore, Elmore County, Alabama, brings this appeal from the summary dismissal of his handwritten pro se petition for writ of habeas corpus. He alleged in his petition that he was “being held illegally because of a Nine (9) year sentence imposed upon him by the Circuit Court of Montgomery County, Ala.,” by reason of his conviction in 1982 for an assault in the first degree. He alleged also in the petition that he had been serving a sentence for an assault in the second degree imposed upon him in the Montgomery County Circuit Court in a 1982 case which he had completed serving at the time of the signing of his petition for habeas corpus.
As a part of the petition for habeas corpus, petitioner attaches documents disclosing that petitioner commenced serving the sentences on the same day, April 26, 1982. In the petition, petitioner states, “In Alabama, the courts have traditionally and consistently held that a single act resulting in death or injury to multiple victims constitutes a single criminal offense.” After citing Alabama authorities .for the statement just quoted, petitioner concludes his petition by stating, “The Petitioner did but one act and [was] sentenced for two crimes (please note enclosed documents four (4) pages.)”
The respondent to the petition for habeas corpus duly filed with the Clerk of the Circuit Court of Elmore County a motion to dismiss the petition on the following grounds:
“1. An allegation of errors and irregularities in the conduct of a trial cannot be considered in a Petition for Writ of Habeas Corpus. Allen v. State, 41 Ala.App. 336, 132 So.2d 327 (1961), cert. denied, 368 U.S. 1001 [82 S.Ct. 631, 7 L.Ed.2d 539] (1962), Fields v. State, 407 So.2d 186 (Ala.Cr.App.1981).
“2. An issue of former jeopardy cannot be tested by a petition for Writ of Habe-as Corpus, but must be specially pleaded to in the indictment or it is waived. Odoms v. State, 359 So.2d 1162 (Ala.Cr.App.1978).”
A copy of the motion to dismiss in the record before us discloses that a copy of said motion was served on petitioner on September 21, 1984. On September 24, 1984, the resident circuit judge of the El-more County Circuit Court entered an order granting the respondent’s motion to dismiss the petition.
Appellant has filed a pro se brief with the Clerk of this Court and a pro se brief in reply to the brief of counsel for appellee, in which appellant continues to take the position that the mentioned assault in the first degree case and the assault in the second degree case constituted one crime only. We note from the documents attached by petitioner to his petition for habeas corpus that the two crimes for which appellant was convicted occurred on November 14, *1251 1981, at 3:15 a.m., that they occurred at 3770 Norman Bridge Rd., Apt. 7B, and that they involved alleged attack by stabbing “with a steak knife.” We note also that the name of the person alleged to have been stabbed in one case is not the same as the name of the person alleged to have been stabbed in the other case. By this we do not imply that the mere fact that there were two persons stabbed necessarily requires a conclusion that two separate crimes were committed. Appellant demonstrates that either he or someone acting in his behalf has intellectually profited by access to a good law library and has correctly quoted from several cases which have uniformly held in accordance with what Justice Haralson stated in 1896, as the opinion of the Supreme Court of Alabama, in Gunter v. State, 111 Ala. 23, 20 So. 632, as follows:
“It is the settled rule of this court, that a defendant cannot be lawfully punished for two distinct felonies, growing out of the same identical act, and where one is the necessary ingredient of the other; that a series of charges cannot be based upon the same offense, and subdivided into two or more indictable crimes. So, it has been held, that where the same act of unlawful shooting resulted in the death of two persons, an acquittal or conviction on the trial of one would be a good defense on a second trial for the alleged murder of the other, for the reason that the killing constituted but one crime, which could not be subdivided and made the basis of two prosecutions. Clem v. State, 42 Ind. 420. And again, where one blow produces two separate assaults and batteries on two different persons, a conviction of one may be pleaded in bar to an indictment for the other, for the reason that the defendant cannot be punished for two distinct assaults growing out of the same identical act. State v. Damon, 2 Tyler (Vt.) 387; State v. Cooper, 13 N.J.Law, 361. These cases and the principles announced, were referred to and approved in Hurst v. State, in 86 Ala. 604, 6 So. 120, where the same question was considered by this court upon a careful review of many authorities.... ”
The record before us fails to show with absolute certainty that more than one criminal act was conducted by this appellant by his assault upon each of two persons, but the likelihood of his committing only one criminal act in his stabbing of two persons with a steak knife is too remote to be based upon any mere assumption thereof.
It appears to us that the learned trial judge who granted the respondent’s motion to dismiss the petition for habeas corpus probably committed no error prejudicial to petitioner. Even so, it also seems to us that if, in law and in fact, the stabbing of two persons by appellant with a knife constituted a single criminal act only, he would be entitled to the relief sought for by his habeas corpus petition. We add to what appellant has stated as to the case of Gun-ter v. State, supra, that which is to be found in the opinion in that case at 111 Ala. 23, 26, 20 So. 632, 633, the following:
“It must not be overlooked, however, that the same individual may at the same time and in the same transaction commit two or more distinct criminal offenses, and an acquittal of one will not bar punishment for the other, as if in the same affray, one person shoots and kills one person, and by a second act shoots and wounds another. In such ease, the two results, the killing of the one and the wounding of the other, by different acts of shooting, cannot be said to grow out of the same unlawful act, but out of two distinct acts, and the party shooting is responsible for the two results from the two separate acts and may be indicted and punished separately for each. State v. Standifer, 5 Port. (Ala.) 523; Cheek v. State, 38 Ala. [227], 231; and authorities supra.”
In the absence of any clear manifestation by the petitioner that he contends by his petition that by a single act of stabbing with a knife he assaulted the two persons and was convicted of assault in the cases in the Circuit Court of Montgomery County, the judgment of the trial court in the in *1252 stant case on appeal should be affirmed. Any such clear manifestation can be made by appellant in an application for rehearing duly filed.
The judgment of the trial court should now be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.