189 So.2d 587

**Eugene E. SHELLNUT**

v.

**STATE.**

4 Div. 562.

Court of Appeals of Alabama.

June 14, 1966.

Rehearing Denied June 30, 1966.

Wm. J. Benton, Phenix City, for appellant.

Richmond M. Flowers, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Eugene E. Shellnut, who is now serving a sentence of seven years for second degree burglary, appeals from a judgment denying his petition for the writ of error coram nobis.

After indictment the court determined the appellant to be indigent and appointed counsel to represent him. The accused entered a plea of guilty and was sentenced by the court, as aforesaid. It is alleged in the petition for coram nobis that petitioner was denied the right to counsel, his court appointed counsel not having appeared for him at the sentencing.

While the petition was pending the solicitor moved to amend nunc pro tunc the minutes of the court, assigning as grounds of motion:

"1. The minutes of this court do not show the arraignment of the defendant had on the 14th day of October, 1963.

"2. The minutes of this court do not properly and fully show or reflect the proceedings of sentence of defendant on the 8th day of November, 1963."

The appellant's motion to strike the State's motion to amend the minutes nunc pro tunc was overruled.

The minute entry received in evidence reads:

"4419. State of Alabama Vs. Eugene Shellnut. 11/8/63. Upon Defendant's plea of guilty the Court adjudges him guilty and fixes his punishment at 7 years imprisonment in the penitentiary."

The bench notes read as follows:

"PLEADINGS FILED AND ORDERS AND DECREES OF COURT.

"10/14/63. The defendant being unable to employ counsel, Frank Samples as appointed to represent him.

/s/ James H. Caldwell, Judge.

"10/14/63. On arraignment plea of guilty as charged. Case continued to 9:00 A.M., Nov. 8, 1963, for sentencing. Same bond to hold.

/s/ James H. Caldwell, Judge.

"11/8/63. Upon defendant's plea of guilty the Court adjudges him guilty and fixes his punishment at 7 years imprisonment in the penitentiary.

/s/ James H. Caldwell, Judge."

The court granted the motion and amended and the judgment nunc pro tunc to read as follows:

"AMENDED MINUTES.

"No. 4419 State of Alabama vs. Eugene Shellnut

October 14, 1963

"It having been determined by the Court that Eugene Shellnut is an indigent Defendant, Hon. Frank Samples is hereby appointed to represent him.

/s/ James H. Caldwell, Judge.

"No. 4419 State of Alabama vs. Eugene Shellnut

October 14, 1963

"This cause coming on to be heard, comes the State by its Solicitor and comes also the Defendant in his own proper person and attended by his counsel. The defendant interposes his plea of guilty to the offense of Burglary, 2nd Degree, case continued to 9 o'clock A.M., November 8, 1963, for sentencing, same bond to hold.

/s/ James H. Caldwell, Judge.

"No. 4419 State of Alabama vs. Eugene Shellnut

November 8, 1963

"Now upon this the 8th day of November, 1963, the Defendant being in open court and attended by his counsel, in response to an inquiry propounded to him by the presiding judge if he had anything to say why the sentence of this court should not be pronounced upon him, says nothing in bar or preclusion thereof. It is therefore considered, ordered and adjudged by the court that upon the Defendant's plea of guilty he is adjudged guilty of Burglary, 2nd Degree as charged in the indictment and it is the sentence of this Court and the judgment of this Court that the Defendant be sentenced to seven years imprisonment in the penitentiary.

/s/ James H. Caldwell, Judge."

The court stated that he was permitting the minutes of the court to be amended to show the inclusion of the two bench notes dated October 14, 1963—"And that alone." The judgment on the motion to amend recites that the clerk "Is hereby ordered and directed to amend the minutes of the court so as to properly reflect the orders as issued by the court and as noted in the bench notes of the court."

■ Under Code 1940, Title 7, Sec. 567, the court may amend the judgment, " * * * when there is sufficient matter apparent on the record or entries of the court to amend by." We hold that the record entries do not sufficiently show the presence in court of appellant's court appointed attorney at the time of sentencing to authorize the amendment made.

At the coram nobis hearing the petitioner testified that prior to the arraignment he had a conversation with the circuit solicitor, in which the solicitor promised to recommend a sentence of thirteen months and that petitioner be placed on probation if he would plead guilty.

The State's answer to a former petition for coram nobis, introduced as a State's Exhibit, signed by the solicitor recites:

" * * * that the said Defendant and his Mother assured the Solicitor that the said Defendant had never been guilty of any offense except public drunkness (sic) and disorderly conduct resulting from such drunkness (sic). That the Solicitor investigated with the City of Phenix City Police Department and the Sheriff's office of Russell County, Alabama and was informed by the agencies that the Defendant had no record locally. Whereupon the Solicitor told the said Eugene Shellnut that he would recommend to the Court a sentence of 13 months and would contact the probation officer of Russell County to the effect that in spite of the record of intoxication that probation should be granted. When said case came to trial upon the Defendant's plea of guilty

the Solicitor in open court recommended a sentence of 13 months.

"A pre-trial (sic) investigation disclosed that the said Defendant had on several occasions been convicted and served time for breaking and entering, burglary, violation of Postal Laws and theft of mail. That in each of these instances he was convicted and did time. That by virtue of the record as an habitual criminal the Court disregarded the recommendation of the Solicitor and imposed a sentence of seven (7) years in the penitentiary."

On cross examination the petitioner testified he knew at the time he pleaded guilty that the penalty for second-degree burglary was two to ten years; that he had not served time for burglary in this State; that he had had two convictions in Florida and one burglary charge in Georgia; that he had one federal conviction in Georgia for "obstructing mail" with a sentence of sixteen months; that the only question the solicitor asked him was whether he had any prior convictions in Alabama.

The petitioner testified his court appointed attorney, Mr. Samples, was present at his arraignment: "Mr. Samples carried me back into a little room and talked with me, and he says, 'Well, go back out and talk to the Honorable Judge Caldwell and see what he wants to do.' And we came back out and talked to the Judge and he says, 'I know what he wants to do but I can't let him today. Let him come back on November 8th for sentencing'." This was the only time he saw Mr. Sample, and the lawyer was not present on November 8, at the time he was sentenced.

Mr. Frank Samples, an attorney at law, testified he was appointed to represent the petitioner at the fall, 1963, term of the court; that he had no independent recollection of being present at the time he was sentenced.

On cross examination Mr. Samples testified:

"He expressed a desire to plead guilty prior to my appointment, and the court would not accept his plea, and I was appointed to represent him, and I went and discussed it with him and upon his desire I entered a plea of guilty for him—or else he entered it for himself in my presence."

"Q. (By Mr. Williams, Circuit Solicitor) "At that time and at that place I'll ask you to state whether or not I recommended to the court, as solicitor, a sentence of thirteen months?

"A. Yes, sir, there was a recommendation.

"Q. And that recommendation was thirteen months?

"A. Yes, sir.

"Q. And that was on his formal arraignment in open court?

"A. Yes, sir."

It is clear from the record and testimony before us that the petitioner entered the plea of guilty in reliance on the representations of the solicitor that he would recommend a sentence of thirteen months and that petitioner be placed on probation. We are also convinced that the solicitor made the promise in good faith and that he did make the recommendations to the court, believing at the time that the petitioner had no prior convictions which would prevent the agreement from being carried out, but there is nothing in the record tending to show that the petitioner was ever advised that the situation had changed, or that he was informed of his right to move to withdraw his guilty plea and go to trial on the merits.

Where a plea of guilty is not freely and voluntarily entered the denial of leave to withdraw the plea and stand trial is an abuse of the court's discretion. Ward v. State, 1945, 156 Fla. 185, 22 So.2d 887.

The only evidence in the record to the effect that the petitioner was represented by counsel at the sentencing was the amended

judgment, which we have heretofore said was not shown to be authorized. Mr. Samples, court appointed counsel, testified, "I don't remember. I have no independent recollection of being here at the time that he was sentenced." The clerk of the court testified he had no independent recollection of whether his counsel was present or not when he was sentenced.

It is our conclusion that the petitioner was entitled to coram nobis because of the failure to have counsel present at the time of his sentencing.

The Judgment is Reversed and the Cause Remanded.

Reversed and remanded.

Richmond M. Flowers, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.