195 So.2d 542

**H. E. WHITE**

v.

**STATE.**

**7 Div. 878.**

Court of Appeals of Alabama.

Feb. 14, 1967.

---

H. E. White, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

This coram nobis appeal was submitted December 22, 1966.

White claimed below, inter alia, that, while he had counsel throughout his original trial before a jury, he had no lawyer when sentenced later. He cited Williams v. State of Alabama, 5 Cir., 341 F.2d 777.

The District Attorney filed a motion to dismiss, ground 2 of which reads:

"2. For that it affirmatively appears that the allegations of the petition seek to establish matters which were available to the petitioner at the time of the trial."

Shellnut v. State, 280 Ala. 28, 189 So.2d 590, was a case of denying certiorari to this court. The opinion of the Supreme Court is, if anything, stronger to reverse the trial court than that of this court.

Briefly, we contrast White's claimed lack of counsel at sentencing with that held harmless by the Supreme Court in McCall v. State, 262 Ala. 414, 79 So.2d 51.

First, Mr. Justice Merrill's opinion in McCall antedates Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, and Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

*Second,* McCall was convicted of murder in the first degree which requires the punishment to be set by the jury. Thus the trial ended with verdict. McCall was present as the judge asked each juror as to his concurrence. Code 1940, T. 30, § 101.

In the instant cause, we have gone to the original direct appeal record taken October 21, 1965, affirmed here per Johnson, J., without opinion November 16, 1965 (7 Div. 820).

We find in that record (p. 70) a copy of the verdict rendered November 18, 1964. This was a finding of guilt of incest. Code 1940, T. 14, § 325. The judge sets the punishment for this crime. White got the maximum term, seven years.

Whether White's lawyer was present the following day does not affirmatively appear from the minute entry of November 19, 1964, which reads:

"And on this the 19th day of November, 1964, the defendant being now in open

Court and being asked by the Court if he had anything to say why the Judgment of the Court and the sentence of the law should not now be pronounced upon him says for his answer that he is not guilty in this case. It is therefore considered by the Court and it is the judgment of the Court that the defendant is guilty as charged in the said indictment and it is the sentence of the law that the said defendant, the said H. E. White be imprisoned in the Penitentiary of the State of Alabama for a term of Seven (7) Years.

"The above named defendant is a white male, 37 years of age, carpenter's helper and in fair health.

"Defendant gives notice of appeal and asked the Court to suspend the sentence imposed upon the defendant, which suspension is granted upon the making of an appeal bond as required by law, pending such appeal. Appeal bond fixed at the amount of $3,000.00."

On April 28, 1965, the trial judge (sua sponte for aught that appears) made a number of "Findings of Fact." The occasion seems to have arisen from White's requesting a pauper's free transcript under Act No. 525, September 16, 1963 (1963 Acts, p. 1129, et seq.).

Among other findings, the following appears:

"5. That on November 19, 1964, in open Court, the Court, in the presence of the defendant *and his counsel,* sentenced the defendant to imprisonment in the State Penitentiary for seven years as punishment for the crime of incest as charged in the indictment." (Italics supplied.)

In Shellnut v. State, 43 Ala.App. 298, 189 So.2d 587, this court, per Price, P. J., noted:

"Under Code 1940, Title 7, Sec. 567, the court may amend the judgment, ' * * * when there is sufficient matter apparent on the record or entries of the court to amend by.' We hold that the *record entries* do not sufficiently show the presence in court of appellant's court appointed attorney at the time of sentencing to authorize the amendment made." (Italics supplied.)

We consider the Supreme Court has adopted the foregoing:

"We are of opinion that the judgment of the Court of Appeals is correct * * *" Shellnut v. State, 280 Ala. 28, 189 So.2d 590, supra.

█ Though ordinarily it is requisite in coram nobis to allege and prove a valid defense, yet if it is proved that counsel did not attend defendant, this is to prove there was an infirmity of process making the judgment voidable. Hence, a threshold question of White's immanent constitutional right to counsel intervenes before we reach the problem of a valid defense vel non.

█ Here it was error to grant the State's motion.

On authority of *Shellnut,* supra, we remand for further consideration of the petition for coram nobis.

Reversed and remanded.

JOHNSON, J., dissents.