243 So.2d 529

Paul **SHORT**

v.

**STATE.**

**6 Div. 191.**

Court of Criminal Appeals of Alabama.

Jan. 12, 1971.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This is an appeal from denial of the writ of habeas corpus.

Petitioner alleged he is illegally detained in the Jefferson County Jail for that on his trial for the offense of possession of burglary tools he was without counsel and that his conviction, and the resulting sentence of twelve months at hard labor and a fine of five hundred dollars, was rendered against him in violation of the Sixth and Fourteenth Amendments of the Constitution of the United States.

Petitioner further alleges that he is a pauper and is without funds to employ counsel.

In addition to the sentence to hard labor as punishment, the petitioner was sentenced to one hundred and forty days hard labor for nonpayment of the fine originally imposed. The additional confinement is in excess of the maximum term of twelve months provided by Title 14, Sec. 90, Code of Alabama, 1940, for the offense of possession of burglary tools.

Our decision here makes it unnecessary for us to determine the question of the ret-

Robert R. Bryan, Birmingham, for appellant.

roactivity of Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586, in which the Supreme Court of the United States held that a state may not constitutionally imprison beyond the maximum term fixed by statute, a defendant who is financially unable to pay the monetary provisions of his punishment.

■ The record discloses that at the time of the filing of the petition the petitioner was not serving the term imposed for the nonpayment of the fine but was detained under the separable part of the judgment, which was authorized by law. Our cases hold that a person is not entitled to discharge on habeas corpus until it is made to appear that at the time of application he is detained under the separable part of the sentence alleged to be invalid. Ex parte Haley, 1 Ala.App. 528, 56 So. 245; Ex parte Smith, 1 Ala.App. 535, 56 So. 247; Tennessee Coal, Iron & R.R. Co. v. Butler, 187 Ala. 51, 65 So. 804.

■ In Irvin v. State, 44 Ala.App. 101, 203 So.2d 283 where the potential imprisonment was one year, the court deemed the offense a "serious" one, entitling an indigent defendant to counsel under Title 15, Secs. 318(1), 318(2), Code. However, the failure or refusal to appoint counsel cannot be raised by a habeas corpus proceeding in Alabama, Ex parte Nuckols, 276 Ala. 368, 162 So.2d 464; Griffin v. State, 258 Ala. 557, 63 So.2d 682; Allen v. State, 41 Ala. App. 336, 132 So.2d 327; Anderson v. State, 41 Ala.App. 502, 139 So.2d 352; such failure or refusal may be raised in a coram nobis proceeding. White v. State, 43 Ala.App. 535, 195 So.2d 542. But the instant proceeding cannot be considered as an appeal from denial of coram nobis. The conviction was rendered in the Jefferson County Criminal Court. No appeal was taken to the Circuit Court of Jefferson County. See Smith v. State, 245 Ala. 161, 16 So.2d 315.

The judgment is affirmed.

Affirmed.