287 So.2d 235

James E. PASSMORE

v.

STATE.

4 Div. 240.

Court of Criminal Appeals of Alabama.

Oct. 30, 1973.

Rehearing Denied Dec. 4, 1973.

James E. Passmore, pro se.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

HARALSON, Supernumerary Circuit Judge.

Appellant, petitioner below, appeals from a judgment of the lower court dismissing his petition for writ of Error Coram Nobis.

The petition sought to have set aside a verdict of guilty of murder in the first degree rendered against petitioner in a trial in the Circuit Court of Russell County, which verdict on appeal was affirmed by this Court. (Passmore v. State, 47 Ala. App. 189, 252 So.2d 115).

The grounds of the petition are: Prejudiced and unwarranted remarks of the trial judge made before and to the jury; evidence insufficient to justify a conviction; insufficient representation by counsel; misconduct of the prosecuting attorney; defendant's appearance before the jury provoked prejudice in the jurors minds; denial of due process of law guaranteed under the Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States; denial of a preliminary hearing, or in the alternative, if he had a preliminary hearing before indictment, denial of representation of counsel at the hearing.

"A petitioner in a coram nobis proceeding has the duty to establish his right to relief by clear, full and satisfactory proof. Eagen v. State, 280 Ala. 438, 194 So.2d 842."

Vincent v. State, 284 Ala. 242, 224 So.2d 601.

Speaking further to this rule, this court stated in Argo v. State, 43 Ala.App. 564, 195 So.2d 901, cert. denied, 280 Ala. 707, 195 So.2d 907:

> "After a trial where the verdict follows disputed testimony, a court reviewing by way of coram nobis starts with the original judgment standing as an evidentiary fact of adjudicated guilt. The prisoner bears the onus of overturning this product of the merger of law of the case with verdict-found fact.

> "Setting out, he burdens himself to adduce evidence—beyond a mere balancing of probabilities—which clearly and convincingly should satisfy the court that (a) the original judgment was tainted with fraud, actual or constructive, (b) there was no acquiescence by the defense therein, (c) a factual basis existed which if made known would prevent original judgment and (d) the failure to make this exonerating fact known earlier is not chargeable to the prisoner. Ex parte Rudolph, 276 Ala. 392, 162 So.2d 486; Allen v. State, 42 Ala.App. 9, 150 So.2d 399; Ex parte Jett, 42 Ala.App. 602, 172 So.2d 811."

The petition in the case at bar was denied on the grounds that the evidence adduced failed to substantiate or prove the allegations of the petition.

The petitioner was indigent and the court appointed an attorney to represent him, to whom he objected. After quite a good deal of colloquy between him and the court with reference to his right and need for professional representation, he finally decided to conduct the hearing himself and advise with his attorney as to certain legal points when he felt it necessary. This he proceeded to do throughout the hearing. The court appears to have been lenient and the appointed attorney fully cooperative when called upon for guidance and advice.

The evidence offered by petitioner was mostly confined to his contention that he had no preliminary hearing, or if he did have he was not represented by counsel, although he was indigent. This was the substance of his testimony, and he called no witnesses but rested his case on his own testimony.

The State offered the Clerk of the Circuit Court who testified he was also the custodian of the records of the Court of Common Pleas of Russell County and that he remembered the petitioner did have a preliminary hearing in that Court on April 19, 1970, and was represented by John Swearingen, an attorney, apparently employed by petitioner or some of his family. The attorney was a resident of Georgia, who lived across the state line from Phenix City, and frequently practiced in the local courts.

The clerk identified a sheet from that court showing the case in question was docketed; that a warrant issued; that a preliminary hearing was held on April 19, 1970; and that the appellant was bound over to the Grand Jury to be held without bond. The minutes, or a copy thereof, of the trial of the appellant in Circuit Court, resulting in a conviction of murder in the first degree, were also introduced by the State.

■ We find no error in the ruling of the court that under the evidence introduced, the appellant (petitioner below), failed to carry the burden cast upon him to prove the allegations of his petition, and that it should be dismissed.

■ The issue of the sufficiency of the evidence on the original trial for murder was ruled on directly by this court adversely to appellant on appeal of the original case and cannot again be raised by the petition for Error Coram Nobis. Ex parte Rudolph, 276 Ala. 392, 162 So.2d 486.

Little or no evidence of a substantial nature, was offered by petitioner on the other grounds of the petition.

■ The alleged errors set out in the remaining grounds of the petition could have been raised and adjudicated on the

appeal from the judgment of conviction in the original case, and where known to the appellant at the time of appeal he cannot take advantage of his negligent failure to incorporate them in his appeal, and later raise them by way of coram nobis. Thornburg v. State, 42 Ala.App. 70, 152 So.2d 442; Ex parte Taylor, 249 Ala. 667, 32 So.2d 659; Mathis v. State, 281 Ala. 424, 203 So.2d 442.

A careful search of the record as required by Title 15, § 389, Code of Alabama 1940, Recompiled 1958, reveals no error and this cause is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under § 2 of Act. No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All Judges concur.