291 So.2d 346

In re Willie Lee DAVIS

v.

STATE of Alabama.

Ex parte Willie Lee Davis.

SC 561.

Supreme Court of Alabama.

Jan. 24, 1974.

Jasper B. Roberts, Montgomery, for petitioner.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State, opposed.

HARWOOD, Justice.

A ground of the petition for a writ of certiorari filed in this case asserts that it is a case of first impression. Because of the uniqueness of certain aspects of the procedure in the trial below we think it must be so considered.

It appears that this appellant Willie Lee Davis was indicted by a Montgomery County Grand Jury for the crime of robbery. He employed L. H. Walden, an attorney of Montgomery, to represent him. His trial resulted in a verdict and judgment of guilty. Mr. Walden then perfected an appeal from such judgment to this court. The judgment was reversed and remanded because of the court's action in refusing a certain written charge requested by the appellant. See Davis v. State, 284 Ala. 135, 222 So.2d 719.

Following this reversal and remandment, Willie Lee Davis was again arraigned on 18 May 1971, with Mr. Walden present. A plea of not guilty was entered, and the trial was set for 7 June 1971. Petitioner's trial again resulted in a verdict and judgment of guilty, sentence being fixed at ten years imprisonment in the penitentiary. His appeal to the Court of Criminal Appeals, 52 Ala.App. ——, 291 So.2d 343, resulted in an affirmance of the judgment. This petition for certiorari was thereafter perfected.

Counsel for petitioner Willie Lee Davis, in brief in support of this petition, has set out a statement of the occurrences on 7 June 1971, in connection with this trial. The Attorney General in his brief has agreed that such statement "is substantially correct and is adopted by reference." We

therefore copy the following from the brief filed in petitioner's behalf.

"On the date set, appellant's case was called for trial and a jury was selected before Circuit Judge Richard P. Emmet. Present at the selection of the jury along with appellant and his attorney, Walden, was an associate of Mr. Walden who had been employed by Walden about four months. Subsequently the case was sent to another Courtroom to be tried before Circuit Judge Eugene W. Carter, and Walden's associate accompanied appellant there to await Mr. Walden who had stayed in Judge Emmet's Courtroom until the rest of the docket had been called. During this interval another criminal case was called in which Mr. Walden was also employed to represent the defendant (State of Alabama vs. Mary Davis, Circuit Court Case No. 5708) Mr. Walden then explained to the Court his dilemma of having two cases called at the same time in which he was employed to represent both defendants and requested that the case against Mary Davis be held on the docket just long enough to allow him to finish trying the case against appellant. (R. p. 18)

"The Court then asked Mr. Walden if he would like to send his associate who had accompanied appellant over to the other Courtroom back over to try the case against the said Mary Davis so that Walden could finish trying the case against appellant, and Walden explained that the situation would remain the same; he had been employed by both defendants and either one would be denied the right to be represented by counsel of his or her choice as the case might be if ordered to trial with his associate.

"The Court then denied Walden's request to merely hold the case against Mary Davis on the docket until he finished trying the case against appellant (R. p. 18) and then denied Mr. Walden's request to be excused for five minutes to go over to the other Courtroom to enter an objection before Judge Carter to the trial of the case against appellant proceeding without him (R. p. 19). Exceptions to these rulings were duly made by Mr. Walden. (R. pp. 18 and 19)

"Trial against appellant was then commenced before Judge Carter with Mr. Walden's associate as counsel and after the first two witnesses had testified, Mr. Walden came over and reiterated his objection in the form of a motion for a mistrial assigning the ground that appellant was being deprived of his constitutional right to be represented by counsel of his own choosing after having employed same (R. p. 8) and this motion was overruled. (R. p. 37)

"The trial then resumed and after the presentation of all of the evidence, the jury returned a verdict finding appellant guilty of robbery and fixing his punishment at ten years imprisonment in penitentiary. (R. p. 3) Judgment was then rendered in accordance with said verdict, and on June 8, 1971, the Court sentenced appellant to said term of imprisonment. (R. p. 9)

"On June 23, 1971, notice of appeal to the Alabama Court of Criminal Appeals was given and a motion for a new trial was duly made, again assigning the ground that appellant had been denied the right to be represented by counsel of his choice after having employed same (R. p. 12) and the motion was continued several times and then denied after argument on March 29, 1972. (R. p. 16)

"On appeal to the Alabama Court of Criminal Appelas Court [sic] appointed counsel for appellant again urged in brief and argument that appellant had been denied his right to be represented by counsel of his own choosing after having employed same by the Circuit Court's forcing him to trial with employed counsel's associate.

"On August 28, 1973, the Alabama Court of Criminal Appeals entered an order af-

firming the judgment of the Circuit Court. C.C.A. 3 Div. 147. On September 7, 1973, Appellant through his Court appointed counsel duly filed an application for rehearing with a brief in support thereof in the said Court of Criminal Appeals and the said application was overruled on September 25, 1973."

The record further reflects that trial of the appellant got under way before Judge Carter, and had progressed to the extent that opening statements had been made and two state witnesses had been examined.

At this point Mr. Walden made an appearance and asked Judge Carter's permission to file a written motion for a mistrial, based on the ground that the appellant was being deprived of representation by counsel of his own choosing.

A hearing on the motion was had out of the presence of the jury. A short summary of Mr. Walden's argument at this hearing was that the appellant had retained him and he had tried the case once and was familiar with the facts. His associate who had been with him only four months was not familiar with the case, and when he (the associate) accompanied the appellant to Judge Carter's court, he expected Walden to follow. However, the record shows the following:

"Mr. Walden: Judge, let me make this statement for the record. Mr. Roberts when he came over here expecting me to be here and I couldn't come because Judge Emmet wouldn't allow me even five minutes to come over here to make myself plain to this court and I had to stay there in the courtroom * * *"

At the conclusion of this hearing, Judge Carter denied the motion for a mistrial, observing that the matter had already been ruled on by Judge Emmet.

Article I of our Constitution of 1901 enunciates a "Declaration of Rights," wherein certain fundamental rights are guaranteed to all of our citizens. All of the provisions of the Declaration of Rights are to be liberally construed in favor of the citizen. Gayden v. State, 262 Ala. 468, 80 So.2d 501.

Section 6 of Article I declares:

"That in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either; * * *"

In Long v. State, 119 Ga.App. 82, 166 S. E.2d 365, Long's retained attorney had obtained four prior continuances of Long's case. The fifth time the case was called for trial an associate of the retained attorney who was at a hospital where his wife was giving birth to a baby, was present in court. The associate attorney sought to have the case continued or reset on a day later in the week, stating he was not familiar with the case and had never talked to the defendant Long until 9:30 on the morning of the trial. The court denied the motion, and directed the associate counsel to proceed with the case or else be placed in contempt.

In reversing the judgment of guilty, the Georgia Court of Appeals wrote:

"The provision in the [Georgia] 'bill of rights' declaring that 'every person charged with an offense against the laws of this state shall leave the privilege and benefit of counsel' confers upon every person indicted for crime a most valuable and important constitutional right, and entitles him to be defended by counsel of his own selection whenever he is able and willing to employ an attorney and uses reasonable diligence to obtain his services. No person meeting these requirements should be deprived of his right to be represented by counsel chosen by himself, or forced to trial with the assistance only of counsel appointed for him by the court. Delk v. State, 100 Ga. 61, 27 S.E. 152.

* * * * * *

"The record and transcript in this case make it clear that the defendant had se-

lected and employed counsel, who was not present in court, but whose whereabouts was known and who may have been reasonably available during the same day, the next day, or the next week, and that the defendant was forced to go to trial represented by an associate whom the court directed, and in practical effect, appointed as his counsel, despite the repeated protestations of this attorney that the defendant did not desire him as his counsel, and that he was not properly prepared to defend the case. *We need not determine whether the defendant received adequate and effective representation by this attorney, or whether the absence of chosen counsel is excusable, for it is clear that the defendant was denied the right of representation by counsel of his own choice for reasons beyond his control, and that the trial court erred in refusing to delay the trial at least sufficiently to determine whether it could be held with representation by selected counsel and without undue delay."* (Emphasis ours.)

Argo v. Wiman, D.C., 209 F.Supp. 299, affirmed 5 Cir., 308 F.2d 674, concerned a federal habeas corpus proceedings brought by Argo after his conviction on two felony charges in Jefferson County, Alabama. The record showed that Argo had retained counsel to represent him in the Circuit Court of Jefferson County, Alabama. Counsel became familiar with Argo's case. However, on the morning on which Argo's trial was set, retained counsel did not appear, though he had been in court the afternoon before representing an alleged accomplice of Argo. The trial judge granted a fifty minute recess in order to locate Argo's counsel. Efforts to locate Argo's counsel proved unavailing, and the court then appointed a competent attorney to represent Argo. After giving appointed counsel a short time to confer with Argo, trial was commenced over Argo's objection. After the noon recess Argo's retained counsel joined Argo's appointed counsel in the trial of the case.

After a hearing, Judge Frank M. Johnson, of the United States District Court, Middle District of Alabama, declared void Argo's judgment of conviction in the Circuit Court of Jefferson County as being violative of Argo's constitutional rights.

In the course of his opinion Judge Johnson wrote:

"Argo's contention is that his conviction on the two noncapital, grand larceny offenses violated the protection afforded him by the Fourteenth Amendment to the Constitution of the United States. On the evidence in this case, this Court concludes that the denial of Argo's motion for a short continuance or delay so that his retained counsel, Arthur Parker, could be located and be present, and the appointment of counsel who was not familiar with Argo's case, and the putting of Argo to trial with appointed counsel in the absence of his retained counsel, was arbitrary action on the part of the trial judge to an extent that Argo on March 17, 1960, in the Circuit Court of Jefferson County, Alabama, was denied his due process rights in a constitutional sense."

Judge Johnson's opinion is heavily buttressed with citations of, and quotations from, several opinions of the United States Supreme Court, which for the sake of brevity we will not set out, since that part of the opinion of Judge Johnson above quoted fairly represents his conclusions from the authorities cited by him.

From a reading of the facts as set forth in the opinion of the Court of Criminal Appeals, it is clear that Willie Lee Davis' deprivation of representation by counsel of his own choosing did not result from any lack of diligence on his part. Nor was there any lack of diligence or neglect on the part of his retained counsel in attempt-

ing to carry out his duties toward his client. He could not represent separate clients in separate trials conducted at the same time. The trial judge conducting the opening phase of this trial could not but have been aware of the situation in which he placed Mr. Walden, the retained counsel. The Court of Criminal Appeals found Mr. Walden's request that the Mary Davis case be held in abeyance until he completed the trial of Willie Lee Davis' case, and his request that he be permitted to go to Judge Carter's court for five minutes to explain his dilemma, to be most reasonable, and "common courtesy dictates that it [they] should have been granted," and that the action of the trial judge in the premises amounted to an abuse of discretion.

However, the Court of Criminal Appeals further concluded that because of the overwhelming evidence of defendant's guilt, and the competent manner in which Mr. Walden's associate had conducted the defense resulting in the minimum sentence being imposed, the trial court's abuse of discretion was not so gross as to entitle the appellant to a new trial. We are not in accord with this view under the facts of this case.

Where, as here, the accused had retained counsel of his own choosing, and counsel was present and desirous of representing the accused at the call of the docket, but in truth and in fact was prevented from carrying out such representation by the action of the trial court, we cannot see but that the accused was deprived of a fundamental constitutional right guaranteed him in the Bill of Rights portion of our Constitution of 1901. This being so, we see no room for consideration of whether competent representation was afforded the petitioner by Mr. Walden's associate who had not been employed by the petitioner and who, according to Mr. Walden's statement in open court, was not familiar with the defense of the case.

The right of an accused to be represented by counsel of his own choice where he himself has obtained such counsel is a basic tenet of our Constitution. Its illumination falls upon all alike, and this beneficent light should not be dimmed by the character of the person upon whom it falls.

For the reasons above stated, we hold that the judgment of the Court of Criminal Appeals is due to be reversed and this cause remanded to that court. It is so ordered.

Reversed and remanded.

All Justices concur.