293 So.2d 322

**James KEARLEY**

v.

**STATE.**

**5 Div. 227.**

Court of Criminal Appeals of Alabama.

April 9, 1974.

Lewis H. Hamner, Jr., Roanoke, for appellant.

William J. Baxley, Atty. Gen., and Sarah M. Greenhaw, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant was indicted and tried for robbery before a jury on a plea of not guilty, entered by the court as the defendant stood mute, and convicted and sentenced to ten years in the penitentiary.

Prior to the trial the defendant, an indigent, represented there and here by appointed counsel, moved the court in writing for a continuance. The grounds of the motion read:

"1. Material witnesses for defendant are not present in Court and defendant, being in Penitentiary in Atlanta, Ga and not notified of trial until Friday before Monday of trial, had no opportunity to subpeona them or arrange for their presence.

"2. Defendant was not notified that he was to be tried on Monday, March 5, 1973 until Friday, March 2, 1973 and he has not had time to prepare for his trial or fully consult with his appointed attorney."

Counsel, upon the defendant being asked by the court if he was ready for trial, again renewed the motion for a continuance. Counsel informed the court that the defendant had witnesses in Georgia who were absent and could testify for him. The court denied the motion and put the defendant to trial.

It appears from the record that the indictment was returned on February 21, 1973. The next day, February 22, the trial

court directed an order to the United States Marshal for the Middle District of Alabama to have the defendant before the court on March 5, 1973. The defendant, according to the order, was in the United States penitentiary in Atlanta, Georgia. The Marshal pursuant to the order had the defendant present in court, but the record does not show when he arrived in Randolph County in obedience to the order.

The record further shows that the trial court appointed counsel for the indigent defendant on March 5, 1973, the date of the arraignment and the date of the trial.

It appears that the trial court gave the defendant a speedy trial. In fact, too speedy to satisfy the constitutional rights of the defendant to the assistance of counsel.

We think that such a hurried trial after appointment of counsel (on the same day) converted the appointment of counsel into a sham, and was nothing more than a formal compliance with the constitutional requirement that the indigent defendant be given the assistance of counsel. Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799. This guarantee of assistance of counsel as mandated by *Wainwright* and the constitution cannot be satisfied by a mere formal appointment. The appointment of counsel on the same date of the trial did not give them reasonable time to plan and prepare the defense of their client and to see if they could obtain the defendant's witnesses in person or their evidence as provided by law. Powell v. Alabama, 287 U.S. 45(4)(5), 53 S.Ct. 55, 77 L.Ed. 158.

The defendant did not take the stand and did not put up any witnesses.

For error in denying the defendant's motion for a continuance, the judgment is reversed and the cause remanded.

The foregoing opinion was prepared by the Hon. Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Reversed and remanded.

All the Judges concur.