303 So.2d 145

**Tommy BRASWELL, alias**

v.

**STATE.**

**5 Div. 255.**

Court of Criminal Appeals of Alabama.

Nov. 12, 1974.

James Larry Lester, Opelika, for appellant.

William J. Baxter, Atty. Gen., and Larry R. Newman, Asst. Atty Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

This appeal is from an order of the circuit court denying appellant's petition for writ of coram nobis.

The record consists of the petition of appellant, supported by affidavit filed with the petition, and the judgment of the trial court after submission. No other evidence was offered on the hearing in the court below.

■ This court takes judicial knowledge that the appellant had been heretofore indicted, tried, and convicted of murder in the first degree, from which conviction he appealed and the conviction was affirmed. See Braswell v. State, 51 Ala.App. 698, 288 So.2d 757.

In the affidavit filed in support of the petition in the court below the petitioner based his case upon six different contentions, which we herein set out as follows:

"1. The evidence was not sufficient to upheld the conviction. This Petitioner claims it was not.

"2. Did the Court error [sic] in not allowing this Petitioner a sufficent [sic] Sanity Hearing? THIS PETITIONER SAYS IT DID ERROR [sic].

"3. Did this Court error [sic] in allowing the Attorney for the Defense to disallow this Petitioner the right to every means of proving his innocence, by refusing him a necessary witiness [sic]? THIS PETITIONER SAYS THAT IT DID ETTOT [sic].

"4. Did the Court error [sic] in allowing certaing [sic] inflamatory [sic] articles to be submitted as evidence knowing that it would take away part of the fairness of the trial? THIS PETITIONER SAYS IT DID ERROR [sic].

"5. Did this Court error [sic] in allowing a case to be tried on the basis of an Indictment secured without sufficent [sic] evidence to uphold it? THIS PETITIONER SAYS IT DID ERROR [sic].

"6. Did this Court error [sic] in allowing the District Attorney to make repeated reference to a Shot Gun knowing full well the effects it would have on the minds of the Jury Members? THIS PETITIONER SAYS IT DID ERROR [sic]."

Contention number 1 was decided adversely to the appellant on former appeal, since this court, after an examination of the record including the evidence contained therein, found no error to reverse.

Contention number 2 is not available to the appellant in the instant case, since it should have been (and apparently was) raised at time of trial and could have properly been raised on appeal. Kelly v. State, 45 Ala.App. 144, 227 So.2d 141.

Both parties in briefs discuss the failure of the court to grant appellant's motion for examination by a Sanity Commission to determine his sanity at the time of trial in the original charge. The judgment order in the record of the case at bar recites that a hearing was held by the court to determine this question, and the court overruled the motion. The evidence offered on the hearing would, of course, be a part of the record on appeal in that case.

This matter was for the determination of the court on appeal from the conviction and may not be considered in the instant case. Kelly v. State, supra.

Briefs from both the appellant and State in the case at bar discuss these and other matters which should have been raised on

the original trial and appeal, but not at this time.

■ Where this is true, an appellant in a coram nobis appeal cannot take advantage of his own negligence in his failure in this respect. Passmore v. State, 51 Ala. App. 524, 287 So.2d 235; State v. Willis, 42 Ala.App. 414, 166 So.2d 917.

Contention number 4 was specifically dealt with by the court on appeal and was decided adversely to the defendant. This contention is, therefore, not available to the appellant in the instant case. Ex parte Rudolph, 276 Ala. 392, 162 So.2d 486; Passmore v. State, supra.

■ It appears that all of the contentions relied upon by appellant in the case at bar were known to him and could have been raised in the original trial and appeal to this court.

In the recent case of Seagroves v. State, 53 Ala.App. 481, 301 So.2d 245, (Court of Criminal Appeals, released October 1, 1974) this court said in referring to certain claims of error set out in a coram nobis petition, "This claimed error could have been raised on direct appeal rather than by way of a coram nobis petition. The office of the writ of error coram nobis is not that of a delayed appeal but rather a vehicle to seek review of certain matters which were not known or could not have been reasonably discovered within the time for taking a direct appeal."

From a reading of the opinion of this court in Braswell v. State, supra, the remaining contentions of the appellant were either not raised in the trial court or if raised, the questions were not reserved for the consideration of this court.

We see no error in the denial of the petitioner's writ of error coram nobis in the case at bar.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.