326 So.2d 778

**Robert Dennis BROWNING, Junior, alias**

v.

**STATE.**

**7 Div. 409.**

Court of Criminal Appeals of Alabama.

Dec. 16, 1975.

Rehearing Denied Jan. 20, 1976.

David A. Rains, Fort Payne, for appellant.

**218**

William J. Baxley, Atty. Gen., and Sarah M. Greenhaw, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant filed his petition in the circuit court of Cherokee County for a writ of error coram nobis. The petition was heard and denied. This appeal followed the entry judgment.

The petition sought to review a judgment entered in the circuit court whereby appellant was convicted by a jury for the offense of robbery, with punishment fixed at 50 years imprisonment. An appeal from the judgment was affirmed by this court. *Browning v. State*, 51 Ala.App. 632, 288 So.2d 170 (1974).

It appears from the records before this court that the indictment was returned on February 29, 1972; arraignment on September 13, 1972; trial was begun on October 11, 1972, and concluded on October 12, 1972.

It appears from this evidence that defendant had contacted counsel in Atlanta, Georgia, about representing him in Alabama, and was impressed that counsel had accepted the employment. Before trial in Alabama, the defendant learned that there was a misunderstanding; that this Atlanta lawyer would not be present. Thereupon, he contacted a Gadsden attorney about such representation. On the coram nobis hearing, he produced a receipt showing that he had paid the Gadsden attorney $200. as a retainer fee to represent him. It appears that this attorney, because of a conflict with another case set for trial, could or would not be present. It may be that an additional unpaid fee to the Gadsden attorney was the reason for this attorney's failure to appear.

It further develops that because of the uncertainty of the contacted attorney's appearance, a very competent lawyer, Mr. Al Shumaker, was appointed to represent the defendant. This attorney testified on coram nobis that he was first appointed to represent defendant only on arraignment, and that his appearance was limited to such arraignment.

It further appeared when the trial date approached, defendant, still relying on his employed counsel, did not have representation. At that time, the same attorney, Mr. Al Shumaker, who appeared at arraign-

ment, was appointed to represent defendant at the nisi prius trial. The attorney had only fifteen minutes to consult his client before trial.

This attorney, not having had time to prepare the defense and being on the verge of trial, moved the court for a continuance to the next term. The defendant was quite anxious for a continuance, although he knew he would have to stay in jail for several more months until the next regular term of court at which time the court would hear the case.

It also appears from the evidence that due to the mixup in the procurement of employed counsel, the defendant had not contacted some alibi witnesses which he wanted to use in the trial of his case.

He, by necessity, elected to use an alleged co-defendant as a witness. This witness testified unfavorably to defendant and was used against the advice of defendant's own counsel. The result was a professional estrangement between defendant and his trial counsel during the rest of the trial.

It appears that the use of this witness was in desperation, because defendant had no alibi witnesses available at the trial. The defendant took over and realized his mistake after he was convicted and given 50 years imprisonment. It appears that this witness had entered a plea of guilty and got 10 years, while a third accomplice went to trial and got 40 years; defendant 50 years.

It appears that on the original appeal this court approved the overruled motion for a continuance and concluded that the trial court was reasonably using his discretion as authorized by law. *Browning,* supra.

However, we are not sure that the trial court had before it all the evidence under oath that was adduced at the coram nobis hearing. For that reason we will not say that the trial court was in error when it denied the continuance and that this court erred in its affirmance.

Under all the existing evidence, we think that Mr. Shumaker, being plunged into a hurried trial, did not have time to prepare his case as a competent and conscientious lawyer is wont to do and should do. He had only fifteen minutes after appointment. He was faced with efforts to contact the alibi witnesses in Georgia, with whom he was not acquainted, and try to persuade them voluntarily to come to court; process for such appearance was unavailable under Alabama law. Or failing, he would have to take their depositions the best he could.

In fact we think it was an imposition on this attorney to plunge him into trial minus reasonable opportunity to prepare his case. The trial was too speedy under the circumstances as we hold in *Kearley v. State,* 52 Ala.App. 405, 293 So.2d 322.

When the defendant's attorney is not present at time of sentence, dismissal of petition for coram nobis was error. *White v. State,* 43 Ala.App. 535, 195 So.2d 542. Failure or refusal to appoint counsel can be raised by coram nobis. *Short v. State,* 46 Ala.App. 445, 243 So.2d 529. Where defendant was prejudiced by lack of counsel at sentencing, coram nobis proceeding will lie. *Shellnut v. State,* 43 Ala.App. 298, 189 So.2d 587. Writ of coram nobis is available where defendant was not represented at arraignment; also on trial for assault with intent to murder. *Dillard v. State,* 283 Ala. 245, 215 So.2d 464; *Knight v. State,* 42 Ala.App. 672, 178 So.2d 101.

It further appears that defendant had been quite active in his unsuccessful efforts to employ counsel and not depend on appointed counsel. We conclude that his finances for such employment were limited and possibly accounted for the indifferences of the lawyers he had contacted. Nevertheless, it appears that he tried and wanted to avoid welfare employment counsel. The failure of such employed counsel to appear

probably was not the wilful fault of defendant.

The appearance of unprepared counsel, particularly in a serious felony case as here, might be construed to be the equivalent of no counsel at all, which is a denial of a defendant's constitutional rights. Such protection in recent years under our federal and state court decisions is mandated. Amendment 6 to the Constitution of the United States; Article 1, Section 6, Constitution of Alabama, 1901. Hence, state legislation to provide such counsel and free appeals.

We hold that under the evidence the trial court in the original prosecution acted without due circumspect in refusing the continuance. Defendant, not being a lawyer, as he found out when he rejected the advice of his counsel not to use the codefendant as a witness, was no doubt confused and bewildered. He was not acquainted with his appointed counsel; also his appointed counsel did the best he could do under the circumstances, namely, he sought a continuance to the next term.

In view of the confusion and misunderstandings, all in good faith, and the hurried appointment of counsel to defend the case on its merits without reasonable time for planning and consideration of a defense, as any competent lawyer wants to do and should do, we think the petition for writ of error coram nobis should have been granted. Defendant did not have the protection of counsel as mandated by law. The short span of fifteen minutes preparation to defend on the merits, deprives this indigent defendant of representation by counsel.

We note that the trial court in the coram nobis decree referred to this court's opinion, supra, in the original appeal. The trial judge observed in his decree:

.  .  .  .  .  .

"While this court has reservations about the conclusion reached by the Court of Criminal Appeals, that court's consideration of the matter precludes a consideration of the matter by this court unless new evidence is presented in support of the petition."

As we have noted supra, we do not think the trial court and this court had before it evidence as full and complete as here presented.

It is ordered that the judgment denying the petition for writ of error coram nobis be and the same is reversed and the cause remanded. The trial court will enter such orders or judgments as necessary to assure defendant a new trial.

The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as judge on this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Reversed and remanded.

CATES, P. J., and TYSON, HARRIS and BOOKOUT, JJ., concur.

DeCARLO, J., dissents.

CATES, Presiding Judge (concurring):

In deference to Judge DeCarlo's dissent, I have reexamined the original record in *Browning v. State,* 51 Ala.App. 632, 288 So.2d 170. Judge Simmons shows—*as the record before Judge Clark did not*—that Mr. Shumaker was appointed to "a dock brief" for a single occasion, i. e., arraignment which occurred September 13, 1972.

Being under this limitation, Mr. Shumaker was thereafter naturally under no duty to Browning. Indeed, under the canons of ethics, he could run afoul of the prohibitions against officiously intermeddling in the defense of a case in which another lawyer was already ostensibly employed.

Perhaps, pre-appeal appointments of counsel for indigents ought, by rule, all

be made of indeterminate and continuing duration rather than being ad hoc ad hodiem. See ARAP Rule 24(b)(1) and ABA Crim. Justice Standards, Providing Defense Services, § 5.2.

Judge Clark did not (and could not) have the benefit of the subsequent testimony of Mr. Shumaker at the coram nobis hearing. Cases such as this are troublesome: vide *Davis v. State*, 292 Ala. 210, 291 So.2d 346; *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (June 30, 1975).

DeCARLO, Judge (dissenting).

The reversal of the judgment denying the coram nobis petition is based on the fact that appointed counsel was not afforded a sufficient time to prepare appellant's case. In accordance with this reason the majority said the failure to grant the continuance necessitated this post conviction relief.

Of course the matter of a continuance is addressed to the trial court's discretion and is only subject to review upon a showing of abuse. *Ballard v. State,* 51 Ala.App. 393, 286 So.2d 68.

The original opinion, *Browning v. State,* 51 Ala.App. 632, 288 So.2d 170, was written by Judge Leigh Clark, Supernumerary Circuit Judge. It was concurred in by all the judges of this court. In that opinion substantially the same facts were considered as are now being relied on in this coram nobis petition. The comparable portion of *Browning,* supra, reads:

"When the case was called for announcements, the defendant requested a continuance. There was considerable discussion among the court, defendant and defendant's counsel as to defendant's request for a continuance. Appearing for him was his appointed counsel, who had been appointed at the arraignment on September 13, 1972, the trial commencing on October 12, 1972. Defendant stated he had not discussed the case with his appointed attorney until a few moments before the request for a continuance. He said he had paid a retainer's fee to another attorney and was advised by the other attorney not to speak with anyone concerning the case. The defendant mentioned a previous conversation that day with the judge. The judge reminded the defendant that the judge had previously tried to contact an attorney in Atlanta, whose name had been given to the judge, that he was unable to locate him, and that thereafter the judge had been apprised by the defendant of defendant's claim that he had a lawyer in Gadsden. The judge further told him that he had talked with the mentioned lawyer in Gadsden who told the judge 'that it would be better if you could obtain service of some other' attorney.

"Most of the discussion as to the request for continuance was between the defendant and the court, but defendant's counsel did formally request a continuance as follows: 'We respectfully ask the Court to continue this case until the next term of Court.' The court then stated:

" 'I appreciate the situation, however it appears from the record that the indictment was returned February 29, 1972, and that the Defendant, of course, has had knowledge of the seriousness of the charge for some time. The Court has previously considered the matter of whether or not a continuance should be granted at this time The motion of counsel for a continuance is overruled.' "

.     .     .     .     .     .

"It should be said that appointed counsel, with admirable loyalty to defendant, strongly supported defendant in his request for a continuance, *but no contention or showing was made that there was not sufficient time for defendant and the appointed attorney to prepare for trial at that term of court."* (Emphasis ours).

Additionally at the evidentiary hearing on the coram nobis petition we find this testimony by the appointed counsel:

"Q. I believe when Judge Tally appointed you to represent him at arraignment you went outside and talked to him and entered a plea of not guilty and asked permission to file other things. That's correct, isn't it?

"A. I generally do that and I probably did that on this occasion.

"Q. And I'll ask you if Judge Tally didn't tell him, he didn't tell Judge Tally he had employed another attorney.

"A. As I recall Judge Tally told him when the trial date would be and if he wanted to make arrangements with the other attorney, he would have time to do that.

"Q. And if he didn't employ another attorney you would represent him?

"A. He probably did, but I don't recall him saying that."

. . . . . .

"Q. Now, on the date of the trial do you recall something being mentioned about Rowan Bone—On the day of the trial, I'll ask you if the defendant stated that Rowan Bone represented him?

"A. As I recall the defendant stated he had retained Rowan Bone, yes.

"Q. I'll ask you if Judge Tally didn't state in Court, it's in the record, that he had a conversation with Rowan Bone and a recess was taken and we went to the Judge's office. And you and I were present and Browning was present. Isn't it a fact that Rowan Bone was paid a retainer's of $100 and hadn't been paid any more money . . .

"MR. RAINS: That's not a matter of record.

"COURT: Overruled.

"Q. That's correct, isn't it?

"A. I recall—seems like the Judge made a telephone call to Mr. Bone and I don't think I talked to Mr. Bone myself, but Judge Tally did.

"Q. Rowan Bone stated to the Judge he didn't represent him?

"A. I think that's what was indicated.

"Q. And he had been paid a small retainer, I believe it was $100.—I'm not sure—by some woman and they never came back to see him any more and paid him any more money.

"A. I think that's correct.

. . . . . .

"COURT: Mr. Shumaker I want to ask you at least one question. Would it be accurate to say that your delay in getting into the actual preparation for trial of this case was occasioned by Mr. Browning's insistence that he had someone else representing him?

"A. I think that would be a fair statement.

"COURT: Would it be an accurate statement?

"A. That's correct."

I respectfully submit that it was appellant's own doing that prevented appointed counsel from being prepared to defend against the accusation. The post conviction remedy sought was not intended to relieve a party from the consequences of his own negligence. *Ex parte Taylor*, 249 Ala. 667, 32 So.2d 659.

In referring to certain claims of error set out in a coram nobis petition, this court said in *Braswell v. State*, 53 Ala.App. 645, 303 So.2d 145:

" 'This claimed error could have been raised on direct appeal rather than by way of a coram nobis petition. The office of the writ of error coram nobis is not that of a delayed appeal but rather a vehicle to seek review of certain matters which were not known or could not have been reasonably discovered within the time for taking a direct appeal.' "

*Mr. Shumaker further stated during the hearing:*

.    .    .    .    .    .

"Q. Did you write a brief for Mr. Browning for an appeal on this case?

"A. I did.

"Q. In that brief, I believe, you said it was impossible to build a winning defense with the time allowed?

"A. I don't recall the exact words, but I believe that would be a fair statement of my complaint in the appeal."

Since this question appears to have been settled on appeal, and this proceeding merely seeks to reopen a question already considered and determined on appeal to this court, it should not now be reconsidered. *Divine v. State*, 285 Ala. 488, 234 So.2d 28.

In deference to Judge Cates' concurring opinion, I again reexamined this record and the original record. Based on that examination and the foregoing, it is my opinion this case should be affirmed for the following reasons:

First: Judge Clark had substantially the same facts on the original appeal as are now relied on in this coram nobis appeal.

Second: Mr. Shumaker testified he was also counsel for the original appeal and *had raised the issue of insufficient time to prepare.*

I respectfully dissent.