BOWEN, Judge.
The defendant was indicted and convicted for assault with intent to murder. Sentence was two years’ imprisonment.
It is clear that the trial court abused its discretion in not granting appointed defense counsel’s request for a continuance.
The defendant represented himself in the District Court. He appealed his conviction to the Circuit Court. On the day of trial the trial court appointed the Honorable John Thompson to help the defendant in striking the jury. After a jury was struck, impaneled and sworn, the defendant requested that the court appoint an attorney to represent him. The court determined that the defendant was indigent and appointed the Honorable Ralph Brooks to represent the defendant. Mr. Brooks was not present when the jury was struck.
After Mr. Brooks was appointed, he requested a short continuance.
“MR. BROOKS: I want to state for the record that I have just been appointed on this case and I am not familiar with it. “THE COURT: Do you want to ask for a continuance?
“MR. BROOKS: I want to ask for a little bit of time, anyway.
“THE COURT: I am going .to deny that. I will not state a reason; I will just simply deny it.”
This does not appear to be a situation where the request for appointment of counsel is used as a vehicle for achieving delay. *645 Fisher v. State, 346 So.2d 4 (Ala.Cr.App.) cert. denied, 346 So.2d 8 (Ala.1977). The State has not alleged such and in fact admits error.
“The State respectfully declines to file- a brief in the above named cause. The record discloses that counsel was appointed for the defendant on the morning of the trial after the jury had been struck with the help of another attorney. When newly appointed counsel reported to the courtroom and requested ‘a little bit of time’ to confer with his new client this was refused by the trial court. The Office of the Attorney General is unable to justify the trial court’s action.”
Without question the trial judge abused his discretion in not granting defense counsel’s request. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Mars v. State, 339 So.2d 104 (Ala.Cr.App.), cert. denied, 339 So.2d 110 (Ala.1976); Browning v. State, 57 Ala.App. 217, 326 So.2d 778, cert. denied, 295 Ala. 392, 326 So.2d 783 (1975); Kearley v. State, 52 Ala.App. 405, 293 So.2d 322 (1974).
This judgment is hereby reversed and cause remanded.
REVERSED AND REMANDED.
All Judges concur.