Possession of marijuana; sentence: three years' imprisonment and a fine of $15,000.
Among other issues raised on appeal, appellant contends he was denied effective assistance of counsel when the trial court refused to grant a continuance to give his court appointed counsel time to prepare for trial and to obtain a defense witness.
The record reveals that the appellant was arrested on the instant charge on October 25, 1979, and was released on bail. He was later indicted on January 16, 1980. At arraignment on April 7, 1980, the appellant pled not guilty and trial was set for April 15. On trial date the appellant appeared in court without an attorney and stated that he wanted to plead guilty. He told the trial judge that he did not possess marijuana, but would plead guilty. However, the trial judge refused to accept a guilty plea under those circumstances. After the trial judge explained the rights which the appellant would waive if he entered a guilty plea, the appellant then opted for a jury trial.
A short colloquy between the court and the appellant revealed that on April 7 the appellant informed the court that he did not want appointed counsel but would retain counsel himself. However, on April 15 *Page 122 
the appellant appeared for trial without counsel and claimed that he could not afford to hire an attorney as he had originally desired. He had talked to one attorney, but could not afford his fee; therefore, he appeared in court without an attorney. During the interval between arraignment and trial, the appellant did not inform the trial court that he needed counsel and that he could not afford counsel of his own choosing.
After refusing to accept the appellant's guilty plea, the court appointed William H. Traeger, III, of Demopolis, as counsel for the appellant. The trial court immediately began the process of selecting a jury wherein counsel for the appellant was given an opportunity to review the jury panel and to have each prospective juror stand and give his name and occupation. Counsel was likewise afforded an opportunity to present questions to the venire. Immediately after the jury was selected and outside their presence, the following occurred:
 "MR. TRAEGER: I want to move for a continuance. I have just been appointed and I don't know very much about the case other than what I've been able to find out from my client and from what the District Attorney has told me. We are simply not prepared to go to trial. I have been advised by my client that there is a witness to this case, a Phillip Wright, who is not present in court to my knowledge, and I don't believe has been subpoenaed. And, under the circumstances we would have to move for a continuance. I don't feel like we would be getting ample and fair representation under the circumstances.
 "THE COURT: Motion denied and the reason being that this case was set quite some time ago and the defendant was told when to be in court and he informed the Court that he had enough money to hire a lawyer and he showed up today without a lawyer. And, I have appointed Mr. Traeger today on the trial of this case, and I find that the reason he is not prepared is the own fault of the defendant even though he had adequate and long term notice."
After the appellant was convicted, his trial counsel filed a motion for a new trial alleging, among other grounds, that the trial court's denial of a continuance deprived him of adequate time to prepare for the trial of the case. The pertinent portion of that motion stated:
 "The Defendant was only appointed an attorney 30 minutes prior to the trial of this case and said Court appointed attorney had no opportunity to prepare this case for trial. Said attorney had no opportunity to file any motions whatsoever nor did he have time for any pre-trial discovery. There was no opportunity to subpoena witnesses and there was not ample opportunity for negotiations with the State in this case. Furthermore, the Defendant's Court appointed attorney had no time to research the law applicable to this case and no time to prepare jury instructions. Also, the Defendant was only able to spend approximately 10 minutes with his Court appointed attorney prior to the trial of this case, and said Court appointed attorney had no time to investigate this case and to discover the existence of any witnesses that might appear on the behalf of his client. In light of the above, the trial Court's denial of a motion for a continuance by the Defendant was very prejudicial to the Defendant's case and resulted in the Defendant being denied a fair trial."
Generally, the granting or denying of a motion for continuance on the ground that counsel had insufficient time to prepare for trial rests within the sound discretion of the trial judge, and his discretion will not be reviewed except in cases of gross abuse of discretion. Smith v. State, 282 Ala. 268, 210 So.2d 826 (1968).
The appellant's trial counsel testified during the hearing on his motion for a new trial as follows:
 "I was appointed on April 15, 1980, to represent Nathan Brown here in Marengo County. I don't remember exactly what time of the day it was that I was appointed. It was sometime that morning. *Page 123 
The — my best recollection is that the trial commenced somewhere around 10:00 or 10:30 and I had been appointed for thirty minutes to an hour. I'm not sure exactly how long. I spent approximately fifteen minutes with Mr. Brown during that time. The rest of the time was spent viewing the jury and striking the jury, or viewing the venire, really, and striking the jury. And I attempted to find out what I could about the case. I was advised by Mr. Brown that he had a witness that was not present in court and I believe I made an offer of proof on this. Judge Neilson did appoint me, as I said, to represent Mr. Brown that morning of the 15th and that was the first time I'd ever seen him; I didn't know anything about him or his case; and I was unaware of any facts dealing with his case until the case began, really."
The trial court denied the motion for new trial on the basis that the appellant had a week's notice of the trial date and had opportunity to retain counsel or notify the court of his inability to do so, and that on trial date adequate counsel was appointed for the appellant and with from "thirty minutes to an hour" for preparation "did an outstanding job in representing the defendant." The trial court also observed that the evidence against the appellant was "overwhelming."
The Supreme Court of Alabama in Davis v. State, 292 Ala. 210,291 So.2d 346 (1974), rejected the trial court's reasoning that inadequate preparation time was overcome by "overwhelming evidence of the defendant's guilt" and the "competent manner" in which appointed counsel had conducted the trial where the trial court's initial ruling had deprived the accused of a fundamental constitutional right.
As stated in Mars v. State, Ala.Cr.App., 339 So.2d 104, cert. denied, Ala., 339 So.2d 110 (1976):
 "We are not unmindful of the needs of the trial courts to expedite their dockets and proceed in an orderly manner, unabated by unnecessary continuances."
We likewise are not unmindful of the actions of the appellant in appearing on trial date without an attorney. An educated and intelligent defendant would have notified the court of his inability to retain counsel and would have requested appointed counsel prior to trial date in all likelihood. However, all citizens, much less criminal defendants, are not schooled in law or courtroom procedures. The record in the instant case reveals that when the appellant was unable to retain counsel he appeared in court without one, resigned to the consequences of pleading guilty even though he contended that he did not commit the crime. The trial court rightly refused to accept the guilty plea under such circumstances and rightly reprimanded the appellant for not notifying the court prior to trial date that he could not obtain an attorney. Nevertheless, the trial judge appointed counsel and put the appellant to trial, over objection, with only a few minutes' time for preparation. It is this latter conduct of the trial court that we are called upon to assess.
In Kearley v. State, 52 Ala. App. 405, 293 So.2d 322 (1974), this court reversed the Circuit Court of Randolph County for putting a defendant to trial after appointment of counsel on the same day. In that case this court stated:
 "It appears that the trial court gave the defendant a speedy trial. In fact, too speedy to satisfy the constitutional rights of the defendant to the assistance of counsel.
 "We think that such a hurried trial after appointment of counsel (on the same day) converted the appointment of counsel into a sham, and was nothing more than a formal compliance with the constitutional requirement that the indigent defendant be given the assistance of counsel. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. This guarantee of assistance of counsel as mandated by Wainwright and the constitution cannot be satisfied by a mere formal appointment. The appointment of counsel on the same date of the trial did not give them reasonable time to plan *Page 124 
and prepare the defense of their client and to see if they could obtain the defendant's witnesses in person or their evidence as provided by law. Powell v. Alabama, 287 U.S. 45 (4)(5), 53 S.Ct. 55, 77 L.Ed. 158."
In Browning v. State, 57 Ala. App. 217, 326 So.2d 778, cert. denied, 295 Ala. 392, 326 So.2d 783 (1975-76), we held that where counsel was appointed on the day of trial and only had fifteen minutes for preparation the defendant was denied effective assistance of counsel by the trial court's refusal to grant a continuance. See also Mars v. State, supra.
Pursuant to the above cited authorities, it appears that the failure to grant a continuance in order to allow trial counsel adequate time for preparation of his case amounts to an abuse of discretion on the part of the trial court in this instance and an unconstitutional deprivation of effective assistance of counsel for which the appellant should be entitled to a new trial.
REVERSED AND REMANDED.
All the Judges concur.